AMSTERDAM SAVINGS BANK, Respondent, v TERRA DOMUS CORPORATION et al., Defendants, and SISSON CONSTRUCTION, Appellant.

Third Department, November 17, 1983

APPEARANCES OF COUNSEL

*F. Richard Decatur, Jr., P. C.* (*Paul R. Engster* of counsel), for appellant.

*McAuliffe & McAuliffe, P. C.* (*Kevin R. McAuliffe* of counsel), for respondent.

### OPINION OF THE COURT

MAIN, J.

Pursuant to a contract between defendant Sisson Construction (Sisson) and defendant Terra Domus Corporation (Terra Domus), Sisson was to build an apartment complex on land owned by Terra Domus in the Village of Morrisville, Madison County. To finance the project, Marine Midland Bank loaned Terra Domus $850,000, which was secured by a mortgage on the property. A statement filed pursuant to section 22 of the Lien Law on January 9, 1981 denominated $50,000 of the $850,000 for land acquisition and indicated that $664,234 was available to Terra Domus for the improvement. An additional $100,000, which was secured by another mortgage, was lent by Marine Midland to Terra Domus and a statement pursuant to section 22 of the Lien Law reflecting this transaction was filed on May 7, 1981 and indicated that $98,271.75 was available for the improvement. Thereafter, on July 15, 1981, plaintiff lent Terra Domus $50,000, which was secured by a mortgage on the property, was assigned the previous two mortgages, and consolidated all three mortgages into one for $1,000,000. No statement pursuant to section 22 of the Lien Law was filed with respect to this transaction.

On January 18, 1982, Sisson filed a mechanic's lien upon the property owned by Terra Domus for $815,508.20, the amount Sisson claimed it was owed for work performed and materials supplied under the contract with Terra Domus. Plaintiff thereafter commenced this action to foreclose its mortgage, alleging that Terra Domus failed to make several months of scheduled payments, thereby defaulting on its mortgage note, and that its interest was senior to other liens. Sisson answered with a general denial in paragraph 1 of its answer and with cross claims and sent a notice to take an examination before trial of plaintiff. Plaintiff moved for summary judgment dismissing paragraph 1 of

Sisson's answer and for severance of Sisson's cross claims. Sisson then cross-moved for an examination before trial and permission to submit an amended answer and counterclaim, contending that the discovery was necessary to discover facts solely within plaintiff's control which would provide a defense to plaintiff's action. Special Term granted plaintiff's motion to dismiss paragraph 1 of Sisson's answer and to sever Sisson's cross claims and denied Sisson's cross motion. Sisson appeals from the order entered thereon.

Thereafter, Sisson moved for a permanent stay enjoining plaintiff from foreclosing the mortgage as against said defendant on the ground that the above-noted order severed Sisson's cross claims to enforce its mechanic's lien ahead of plaintiff's mortgage. Special Term denied the motion and Sisson also appeals from the order entered thereon.

■ Sisson contends that the mortgage held by plaintiff should, pursuant to section 22 of the Lien Law, lose its priority because subdivision (3) of section 13 of the Lien Law was violated in that $50,000 of the $850,000 lent by Marine Midland to Terra Domus was designated for land acquisition, which is not a "cost of improvement" under subdivision 5 of section 2 of the Lien Law, to which borrowed funds are to be applied before using such funds for any other purpose (Lien Law, § 13, subd [3]). Section 22 of the Lien Law, however, was enacted and is designed to provide contractors with accurate information concerning the net amount of borrowed funds that is available for the improvement (see *Nanuet Nat. Bank v Eckerson Terrace,* 47 NY2d 243, 247) and the subordination requirement of the statute has been held applicable only when a bank knowingly files a materially false statement (*supra,* at p 248). There is no suggestion herein that the information filed pursuant to section 22 of the Lien Law with respect to the $850,000 loan contained a materially false statement which was knowingly filed. Moreover, we note that a "cost of improvement" includes "sums paid to take by assignment prior existing mortgages, which are consolidated with building loan mortgages" (Lien Law, § 2, subd 5), thus providing a borrower with an avenue for using building

loan funds to purchase property, as occurred herein. All a borrower would need to do is grant a purchase-money mortgage to a seller of property and then, upon closing of the building-loan mortgage, consolidate the purchase-money mortgage with the building-loan mortgage using funds from the building loan. In this way, the borrower could purchase property as a "cost of improvement". We refuse to penalize plaintiff for acts done directly which could have been accomplished indirectly, especially where the statute providing the penalty was designed for a purpose which was fulfilled herein.

■ Sisson next argues that plaintiff's failure to file a statement pursuant to section 22 of the Lien Law with respect to the $50,000 loan from plaintiff and consolidation of all the mortgages was contrary to the statute and should result in plaintiff's mortgage being subordinated to Sisson's lien. This argument is without merit because the statement required under section 22 of the Lien Law is associated with building-loan contracts and there was no such contract between plaintiff and Terra Domus. A review of the documents related to this transaction between plaintiff and Terra Domus reveals that there was no express promise by Terra Domus to improve property, a promise which is required for there to be a "building-loan contract" (Lien Law, § 2, subd 13). In fact, the documents between plaintiff and Terra Domus are merely a mortgage note and mortgage which contain provisions usually associated with a permanent loan. Accordingly, the failure to file a statement pursuant to section 22 of the Lien Law with regard to the transactions between plaintiff and Terra Domus was not improper.

Sisson also contends that the two building-loan contracts are confusing and that it is impossible to determine the actual amount available for the cost of improvements. There are, however, no specific allegations, affirmations or other evidence that Sisson was confused or misled by the documents. Furthermore, the statements filed were in compliance with section 22 of the Lien Law. Under these circumstances, Sisson's argument is rejected. We also hold that Sisson has not adequately demonstrated, pursuant to CPLR 3212 (subd [f]), the existence of facts necessary to

oppose plaintiff's motion for summary judgment. There is no evidence to show that what Sisson is seeking may actually exist and CPLR 3212 (subd [f]) does not permit fishing expeditions. Accordingly, the conclusory allegations made by Sisson simply do not justify granting the relief it sought and Special Term must be upheld in its order entered January 19, 1983.

Special Term's order entered February 22, 1983 must also be upheld. There is simply no authority for or merit to Sisson's claim that the first order removed it from that action because its cross claims were severed therefrom.

The orders should be affirmed, with costs.

SWEENEY, J. P., KANE, MIKOLL and LEVINE, JJ., concur.

Orders affirmed, with costs.