■ MARITSA METRAL et al., Appellants-Respondents, v LEONARD C. HORN et al., Defendants, and DAVID FRIEDMAN et al., Respondents-Appellants. [624 NYS2d 177] —In an action, inter alia, to recover damages for fraud, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (G. Aronin, J.), dated April 16, 1993, as denied that branch of their cross motion which was for leave to serve an amended complaint asserting a cause of action for negligent misrepresentation, and (2) the defendants David Friedman, Mark Martella, Steven A. Sinderbrand, and Horn, Kaplan, Goldberg, Gorny & Daniels, P. C., cross-appeal, as limited by their brief, from so much of the same order as granted that branch of the plaintiffs' cross motion which was for leave to serve an amended complaint repleading their cause of action sounding in fraud.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted the branch of the plaintiffs' cross motion which was for leave to serve an amended complaint repleading their cause of action sounding in fraud

and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the respondents-appellants.

The Lakes Bay Marina & Yacht Club (hereinafter the Corporation) is an entity formed to purchase, develop, and then resell certain real property located in New Jersey. The Corporation hired the defendants, a law firm and its individual members, to, among other things, prepare a private offering. The offering contained statements and representations allegedly intended to induce investors to subscribe to the offering and to become shareholders of the Corporation. The plaintiffs are individuals who received a copy of the offering and subsequently invested in the Corporation. They commenced this action based, *inter alia,* upon allegations of fraud and negligence with respect to the manner in which they were induced to invest in the Corporation. In response to the defendants' motion to dismiss the complaint, the plaintiffs cross-moved for leave to serve an amended complaint which added a cause of action to recover for negligent misrepresentation and repleaded their cause of action sounding in fraud. It was alleged that the defendants had known about an approximately $1,000,000 Federal tax lien pending against the President of the Corporation and failed to incorporate that fact in the offering memorandum, upon which the plaintiffs allegedly relied in deciding to subscribe to the offering. The Supreme Court, among other things, permitted the plaintiffs to replead the fraud cause of action, but denied them leave to assert a cause of action based on negligent misrepresentation. This appeal and cross-appeal ensued.

We begin our analysis with the recognition that a motion for leave to amend a complaint lies within the broad discretion of the court. However, where such an amendment will cause the defendants undue prejudice, or where the insufficiency or lack of merit of the cause of action sought to be asserted is clear and free from doubt, leave should not be granted *(Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436; *Courageous Syndicate v People-To-People Sports Comm.,* 141 AD2d 599). With these principles in mind, we conclude that the Supreme Court did not improvidently exercise its discretion in denying the branch of plaintiffs' cross motion for leave to assert a cause of action for negligent misrepresentation, but did err in granting the branch of their cross motion for leave to replead their cause of action sounding in fraud.

With respect to the cause of action to recover damages for

negligent misrepresentation, attorneys, like other profession-als, may be held liable for economic injury arising from negligent misrepresentation *(Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377). However, "before a party may recover in tort for pecuniary loss sus-tained as a result of another's negligent misrepresentations there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach * * * privity" *(Prudential Ins. Co. v Dewey, Ballan-tine, Bushby, Palmer & Wood, supra,* at 382; *see, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536). Here, it is conceded that the parties were not in contrac-tual privity. Moreover, the plaintiffs failed to sufficiently allege the existence of a relationship between themselves and the defendants which was so close as to approach that of privity. The parties had absolutely no contact with each other and, in fact, the defendants had no knowledge of the identity of these specific plaintiffs *(see, Westpac Banking Corp. v Des-champs,* 66 NY2d 16, 19; *Ultramares Corp. v Touche,* 255 NY 170, 181). Indeed, the plaintiffs themselves assert that the offering memorandum "was widely distributed to the plaintiffs and other members of the public". The fact that the defen-dants may reasonably have expected that the report they prepared would be distributed to unidentified prospective in-vestors is an insufficient basis upon which to conclude that the defendants' relationship with those individuals was " 'so close as to be the functional equivalent of contractual privity' " *(Ossining Union Free School Dist. v Anderson LaRocca Ander-son, supra,* 73 NY2d, at 419, 425). Thus the Supreme Court properly denied the plaintiffs' request to amend the complaint to assert a cause of action based on negligent misrepresenta-tion.

Unlike a negligent mispresentation cause of action, a cause of action sounding in fraud does not require the existence of a relationship of privity or something close to privity between the parties *(Credit Alliance Corp. v Andersen & Co., supra,* 65 NY2d, at 547; *Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 408). However, "[w]here a cause of action or defense is based upon * * * fraud * * * the circumstances constituting the wrong shall be stated in detail" (CPLR 3016 [b]). The amended complaint submitted by the plaintiffs fails to state a cause of action sounding in fraud in the required detail. Indeed, the proposed pleading contains very few partic-ulars regarding such matters as, for example, the circum-

stances under which the plaintiffs invested in the Corporation, the amount of money invested, and the damages the plaintiffs sustained as a result of their investments. Under the circumstances, we conclude that the Supreme Court improvidently exercised its discretion in granting the plaintiffs' motion for leave to replead their cause of action sounding in fraud in the amended complaint. Thompson, J. P., Lawrence, Hart and Goldstein, JJ., concur.