■ HALMAR BUILDERS OF NEW YORK, INC., et al., Respondents, v TEAM STAR CONTRACTORS, INC., et al., Defendants, and ALL CITY INSURANCE COMPANY, Appellant. [788 NYS2d 400]—

In an action, inter alia, for a judgment declaring that the defendant All City Insurance Company has a duty to defend and indemnify the plaintiffs in an underlying action to recover damages for property damage, the defendant All City Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated August 13, 2002, as denied that branch of its motion which was for summary judgment.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant All City Insurance Company which was for summary judgment is granted and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment, inter alia, declaring that the defendant All City Insurance Company does not have a duty to defend and indemnify the plaintiffs in the underlying action.

The defendant All City Insurance Company (hereinafter All City) established prima facie entitlement to judgment as a matter of law by submitting the affidavit of Hector L. Tirado, Underwriting Director of the Mid-Market Division of Empire Insurance Company, its holding company, stating that the insurance policy on which the plaintiff Halmar Builders of New York, Inc. (hereinafter Halmar), was listed as an additional insured had been canceled before the date of the alleged loss. All City

also submitted a cancellation request to this effect, as well as the subsequent policy, which did not list Halmar as an additional insured (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

In opposition, the plaintiffs relied on a certificate of insurance, which listed All City as an insurer of Halmar under a different policy number. The certificate of insurance stated: "THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER." Such a certificate was insufficient to raise an issue of fact as to the existence of the alleged insurance coverage (*see Trapani v 10 Arial Way Assoc.,* 301 AD2d 644, 647 [2003]; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420, 423 [1998]). Therefore, that branch of All City's motion which was for summary judgment should have been granted.

The parties' remaining contentions either are unpreserved for appellate review or without merit. Santucci, J.P., Adams, Cozier and Rivera, JJ., concur.