■ BINYAN SHEL CHESSED, INC., Respondent, v GOLDBERGER INSURANCE BROKERAGE, INC., et al., Appellants, et al., Defendants. [795 NYS2d 619]—

In an action, inter alia, to recover damages for negligence and for a judgment declaring that the defendant Colonial Cooperative Insurance Co. is obligated to defend and indemnify the plaintiff with respect to an occurrence in July 1999 involving Abraham Katz, the defendants Goldberger Insurance Brokerage, Inc., and Colonial Cooperative Insurance Co. separately appeal from an order of the Supreme Court, Kings County (M. Garson, J.), dated March 31, 2004, which denied, as premature, their separate motions for summary judgment dismissing the complaint insofar as asserted against them, with leave to renew after the completion of depositions.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the defendant Colonial Cooperative Insurance Co.'s motion for summary judgment and substituting therefor a provision granting that motion; as so modified, the order is affirmed, without costs or disbursements, the complaint is dismissed insofar as asserted against the defendant Colonial Cooperative Insurance Co., the action against the remaining defendants is severed, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Colonial Cooperative Insurance Co. is not obligated to defend and indemnify the plaintiff with respect to an occurrence in July 1999 involving Abraham Katz.

The plaintiff contracted with the defendant American Building Corporation (hereinafter American) to perform renovation work on its premises. Goldberger Insurance Brokerage, Inc. (hereinafter Goldberger), which is American's insurance broker, delivered a "certificate of liability insurance" to the plaintiff stating that American had liability insurance with Colonial Cooperative Insurance Co. (hereinafter Colonial) and that the plaintiff was an additional named insured. The certificate was dated July 15, 1999, and stated that the policy number was ACC5449828 with a policy term running from December 1, 1998, until December 1, 1999. The certificate further stated that it was "issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below."

On or about July 20, 1999, a worker for one of American's subcontractors was injured on the plaintiff's premises. In this action against, among others, Colonial, Goldberger, and American, the plaintiff seeks damages and a judgment declaring that Colonial is obligated to defend and indemnify it for the accident.

Colonial moved for summary judgment, stating that a search of its records revealed no policy insuring either American or the plaintiff, and that it never issued a policy which began with the letters "ACC."

Goldberger separately moved for summary judgment on the grounds, inter alia, that there was no privity of contract between it and the plaintiff, and the certificate of insurance contained a disclaimer that it conferred no rights on the certificate holder. Goldberger's president, Chaim Goldberger, submitted an affirmation which stated that American was one of Goldberger's customers but Goldberger never received payment from American for the subject Colonial policy, and accordingly, "the policy was never procured."

In opposition, the plaintiff's president claimed that Chaim Goldberger "specifically represented" that he procured the insurance "on behalf of American for the benefit of" the plaintiff and that both Goldberger and American represented that "payment had been made for the policy."

The Supreme Court denied both motions as premature, with leave to renew after the completion of depositions.

Further discovery would yield no basis to impose liability upon Colonial, which did not issue an insurance policy (*see Spatola v Gelco Corp.*, 5 AD3d 469 [2004]). Therefore, Colonial's motion for summary judgment should have been granted, and we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Colonial is not obligated to defend and indemnify the plaintiff with respect to an occurrence in July 1999 involving Abraham Katz.

Since there was no privity of contract between Goldberger and the plaintiff, the plaintiff cannot recover from Goldberger for its pecuniary loss "absent evidence of fraud, collusion, or other special circumstances" (*Calamari v Grace,* 98 AD2d 74, 83 [1983]; *see Good Old Days Tavern v Zwirn,* 259 AD2d 300 [1999]; *Metral v Horn,* 213 AD2d 524, 526 [1995]). However, "a cause of action sounding in fraud does not require the existence of a relationship of privity or something close to privity between the parties" (*Metral v Horn, supra* at 526). Under the particular facts of this case, summary judgment to Goldberger at this juncture would be premature. The certificate was issued over six months after the policy purportedly went into effect. Therefore, a question arises as to why Goldberger was not aware that the policy had not been paid for at the time the certificate was issued. Further, a question arises as to how Goldberger came to use a policy number with a prefix which was never a policy prefix in existence for this carrier. Depositions should therefore be held. Adams, J.P., Goldstein and Lifson, JJ., concur.

Santucci, J., concurs in part and dissents in part and votes to reverse the order, and grant both motions for summary judgment dismissing the complaint insofar as asserted against the appellants, with the following memorandum: I agree that the insurer, Colonial Cooperative Insurance Co., was entitled to summary judgment dismissing the complaint insofar as asserted against it. However, the insurance agent, Goldberger Insurance Brokerage (hereinafter Goldberger), also was entitled to summary judgment dismissing the complaint insofar as asserted against it.

It is well settled that the duty of an insurance broker runs to its customer and not to any additional insureds since there is no privity of contract for the imposition of liability (*see St. George v Barney Corp.,* 270 AD2d 171, 172 [2000]; *see also Halali v Vista Envts.,* 245 AD2d 422 [1997]). The majority opinion acknowledges that there was no privity of contract between Goldberger and the plaintiff, and thus the plaintiff cannot recover from Goldberger unless there is evidence of "fraud, collusion or other special circumstances." However, the majority concludes that the circumstances of the case, including the fact that the certificate of insurance was issued six months after the insurance policy allegedly went into effect, raises issues of fact concerning the possibility of fraud and collusion between Goldberger and American, the contractor for whom Goldberger was to obtain the subject insurance. I disagree.

The certificate of insurance clearly stated that it "confers no rights upon the certificate holder." Thus, it was unreasonable for the plaintiff to rely on the certificate as evidence that an insurance policy existed which protected its interests. Indeed, this Court has consistently held that such a certificate is insufficient to establish an issue of fact as to the existence of the alleged insurance coverage (*see Halmar Bldrs. of N.Y., Inc. v Team Star Contrs., Inc.,* 13 AD3d 581 [2004]; *American Ref-Fuel Co. of Hempstead v Resource Recycling,* 248 AD2d 420 [1998]; *Trapani v 10 Arial Way Assoc.,* 301 AD2d 644 [2003]). In addition, the issuance of the certificate cannot serve as a basis for a cause of action alleging either fraud or negligent misrepresentation (*see Greater N.Y. Mut. Ins. Co. v White Knight Restoration,* 7 AD3d 292 [2004]; *Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos.,* 303 AD2d 245 [2003]). Moreover, contrary to the majority's conclusion, the mere fact that the certificate at issue bears a date which is more than six months after the insurance policy allegedly became effective does not sufficiently raise the specter of fraud or collusion, there being no evidence in the record as to when the certificate was requested.

With respect to the allegation that Chaim Goldberger told the plaintiff's principal that he had obtained the insurance, this statement, without more, did not demonstrate evidence of fraud. In this regard, it is noted that the complaint does not plead a cause of action in fraud or even state facts which would support such a claim (*see* CPLR 3016 [b]; *Pitcherello v Moray Homes,* 150 AD2d 860 [1989]). Moreover, the alleged misrepresentation relates solely to Goldberger's breach of agreement to obtain the subject insurance. There was no showing of any misrepresentation collateral to the breach. Under such circumstances, it cannot be concluded that there was adequate evidence of fraud so as to overcome the lack of privity between the plaintiff and Goldberger, and thus to potentially render Goldberger liable to the plaintiff (*see generally Glanzer v Keilin & Bloom,* 281 AD2d 371 [2001]; *Fort Ann Cent. School Dist. v Hogan,* 206 AD2d 723 [1994]; *see also Briand Parenteau Assoc. v HMC Assoc.,* 225 AD2d 874 [1996]; *Metropolitan Transp. Auth. v Triumph Adv. Prods.,* 116 AD2d 526 [1986]).

Finally, the mere possibility of a factual issue is insufficient to defeat entitlement to summary judgment, and further discovery should not be permitted when it is merely a "fishing expedition" (*Amsterdam Sav. Bank v Terra Domus Corp.,* 97 AD2d 41, 45 [1983]; *see* CPLR 3212 [f]). Indeed, "[t]he mere hope that evidence sufficient to defeat [a motion for summary judgment] may be uncovered during the discovery process is insufficient" (*Spatola v Gelco Corp.,* 5 AD3d 469, 470 [2004]; *see Frouws v Campbell Foundry Co.,* 275 AD2d 761 [2000]; *Mazzaferro v Barterama Corp.,* 218 AD2d 643 [1995]).

Accordingly, since Goldberger cannot be liable to the plaintiff as matter of law, it was entitled to summary judgment dismissing the complaint insofar as asserted against it.