SUPERIOR ICE RINK, INC., Respondent, v NESCON CONTRACTING CORP., Doing Business as A1 DISCOUNT PAINTING et al., Defendants, and SEIGERMAN-MULVEY COMPANY, INC., Appellant. [838 NYS2d 93]—

In an action, inter alia, to recover damages for breach of contract, the defendant Seigerman-Mulvey Company, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered August 16, 2006, as denied its motion pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Siegerman-Mulvey Company, Inc., to dismiss the complaint insofar as asserted against it is granted.

The plaintiff contracted with the defendant Nescon Contracting Corp., doing business as A1 Discount Painting (hereinafter Nescon), to paint the roof of its facility. The plaintiff required that Nescon add it as an additional insured under Nescon's general liability insurance policy.

Nescon then entered into a contract with the appellant, Seigerman-Mulvey Company, Inc., its insurance broker, to obtain general liability insurance. The appellant delivered a "certificate of liability insurance" to the plaintiff, which indicated that the plaintiff was an additional insured under a policy issued to Nescon by the defendant Merchants Mutual Insurance Company (hereinafter Merchants).

Subsequently, two of Nescon's workers, who allegedly were injured on the plaintiff's premises during the performance of the painting work, commenced personal injury actions against the plaintiff. The plaintiff then sought to be defended and indemnified by Merchants in those actions. However, Merchants disclaimed coverage because, contrary to what the certificate of liability insurance had indicated, the plaintiff was not identified as an additional insured under Nescon's insurance policy.

The plaintiff commenced the instant action against Nescon, Merchants, and the appellant. The plaintiff alleged that it was an "intended third-party beneficiary" of the contract between Nescon and the appellant, that the appellant breached that contract, and that it sustained damages as a result. The appellant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. In the order appealed from, the Supreme Court, inter alia, denied the motion. We reverse the order insofar as appealed from.

Accepting the facts alleged in support of the cause of action against the appellant as true, and according the plaintiff the

benefit of every favorable inference, we find that cause of action was not sufficiently pleaded (*see* CPLR 3211 [a] [7]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). The plaintiff, which was not in privity of contract with the appellant, and which was owed no duty by the appellant (*see American Ref-Fuel Co. of Hempstead v Resource Recycling*, 248 AD2d 420, 424 [1998]), failed to set forth sufficient allegations in support of its position that it was an intended third-party beneficiary of the contract between Nescon and the appellant. Furthermore, the plaintiff failed to allege that there was "fraud, collusion, or other special circumstances" that would have enabled it to recover the "pecuniary loss" that it allegedly suffered as a result of the appellant's alleged breach of that contract (*Binyan Shel Chessed, Inc. v Goldberger Ins. Brokerage, Inc.*, 18 AD3d 590, 592 [2005]). Miller, J.P., Ritter, Covello and Balkin, JJ., concur.