BRIAN GRIFFIN, Plaintiff, v DaVINCI DEVELOPMENT, LLC, et al., Defendants and Third-Party Plaintiffs-Appellants, et al., Third-Party Defendant. RMS INSURANCE BROKERAGE, LLC et al., Third-Party Defendants-Respondents. [845 NYS2d 97]—

In an action to recover damages for personal injuries, the

defendants third-party plaintiffs DaVinci Development, LLC, and Artie Cipoletti appeal from so much of an amended order of the Supreme Court, Suffolk County (Jones, J.), dated September 27, 2006, as granted the motion of the third-party defendant RMS Insurance Brokerage, LLC, to dismiss the third-party complaint insofar as asserted against it and granted the separate cross motions of third-party defendants RMS Insurance Brokerage, LLC, and R & W Brokerage, Inc., to sever the third-party action.

Ordered that the amended order is affirmed, with one bill of costs.

The defendant third-party plaintiff DaVinci Development, LLC (hereinafter DaVinci), contracted with the third-party defendant Action Siding, Inc. (hereinafter Action), to perform work on its premises. The contract required that Action procure liability insurance to protect DaVinci. Action then contracted with the third-party defendant RMS Insurance Brokerage, LLC (hereinafter RMS), to procure the necessary insurance. RMS provided DaVinci with a series of certificates of liability insurance indicating that the coverage had been obtained. On or about May 7, 2004, the plaintiff was injured on DaVinci's premises while working for Action. The plaintiff commenced this action against DaVinci, among others. DaVinci then learned that it was without any insurance coverage for the accident and commenced a third-party action against Action, RMS, and R & W Brokerage, Inc. (hereinafter R & W), its own insurance broker, for contribution and indemnification. RMS moved pursuant to CPLR 3211 (a) (7) to dismiss the third-party complaint insofar as asserted against it. RMS and R & W then cross-moved to sever the third-party action from the underlying Labor Law action. The Supreme Court granted the motion and the cross motion. We affirm.

Accepting as true the facts alleged in support of the causes of action asserted in the third-party complaint against RMS, and according the third-party plaintiff the benefit of every favorable inference, the causes of action asserted against RMS in the third-party complaint were not sufficiently pleaded (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). DaVinci, which was not in privity of contract with RMS (see American Ref-Fuel Co. of Hempstead v Resource Recycling, 248 AD2d 420 [1998]), failed to set forth sufficient allegations that there was "fraud, collusion, or other special circumstances" that would have enabled it to recover for its "pecuniary loss" (Binyan Shel Chessed, Inc. v Goldberger Ins. Brokerage, Inc., 18 AD3d 590, 592 [2005]; cf. Benjamin Shapiro Realty Co. v Kemper Natl. Ins. Cos., 303

AD2d 245 [2003]; *Metral v Horn*, 213 AD2d 524, 526 [1995]). Moreover, it failed to set forth sufficient allegations that it was an intended third-party beneficiary of the contract between Action and RMS (*see Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 40 AD3d 963, 965 [2007]).

It was a provident exercise of the Supreme Court's discretion to grant the separate cross motions to sever the third-party action (*see Golfo v Loevner*, 7 AD3d 568 [2004]). Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.