DOREEN RAMSARUP et al., Appellants, v RUTGERS CASUALTY INSURANCE COMPANY, Defendant, and LYONS GENERAL INSURANCE AGENCY, INC., et al., Respondents. [949 NYS2d 436]—

In an action, inter alia, to recover damages for fraud and negligent misrepresentation, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered August 24, 2010, which granted the motion of the defendants Lyons General Insurance Agency, Inc., and Anthony Kammas for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Lyons General Insurance Agency, Inc., and Anthony Kammas which was for summary judgment dismissing the cause of action to recover damages for fraud insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, with costs to the plaintiffs.

In April 2006, the plaintiff homeowners entered into a home renovation contract with H. Ramjit Home Improvement, Inc. (hereinafter Ramjit). Prior to commencing its work, Ramjit provided the plaintiffs with a certificate of liability insurance which identified the defendant Rutgers Casualty Insurance Company (hereinafter Rutgers) as its insurer. Ramjit had obtained a one-year commercial general liability policy with coverage commencing February 23, 2005, through its insurance broker, Lyons General Agency, Inc. (hereinafter Lyons). The defendant Anthony Kammas was Lyons' president at that time. The policy was subsequently renewed for an additional year, commencing February 23, 2006. However, the certificate of insurance given to the plaintiffs, which was signed by Kammas, only reflected a period of coverage from February 23, 2005, through February 23, 2006. In June 2006, the plaintiffs' home had to be demolished, allegedly as a result of the faulty renovation work performed by Ramjit.

Thereafter, in or around August 2006, the plaintiffs commenced an action against Ramjit (hereinafter the underlying action), seeking damages for the demolition of their home. Accord-

ing to the plaintiffs, while the underlying action was pending, beginning in or around October 2006, the plaintiffs and their counsel contacted Lyons and Kammas multiple times, informed them of the loss, and inquired as to whether the insurance policy issued to Ramjit had been renewed to cover the period during which their loss had occurred. At each instance, either a staff member of Lyons, or Kammas himself, told them that, at the time of the loss in June 2006, the policy had expired and had not been renewed. Nevertheless, during the course of the underlying action, the plaintiffs discovered that contrary to the representations of Lyons and Kammas, the policy had actually been renewed for the period commencing February 23, 2006, and was in full force and effect until cancelled at the end of September 2, 2006, for nonpayment of the premium and, thus, Ramjit was covered during the period of the plaintiffs' loss. As a result, the plaintiffs forwarded the summons and complaint in the underlying action to Rutgers, requesting that it provide coverage to Ramjit. However, Rutgers disclaimed coverage for failure to receive timely notice and based on other policy exclusions.

Thereafter, the plaintiffs obtained a judgment against Ramjit, which was not satisfied. In September 2009, the plaintiffs commenced this action against, amongst others, Lyons and Kammas, to recover upon this unsatisfied judgment, alleging, insofar as is pertinent to this appeal, fraud and negligent misrepresentation regarding the incorrect information conveyed to them by Lyons and Kammas as to the effective dates of the policy.

Lyons and Kammas subsequently moved for summary judgment dismissing the complaint insofar as asserted against them. The sole argument set forth in their moving papers was that they lacked privity with the plaintiffs and, thus, they could not be held liable for fraud or negligent misrepresentation. The Supreme Court granted the motion. As to both causes of action, it determined that Lyons and Kammas lacked privity of contract with the plaintiffs, and had no special relationship with the plaintiffs which approached privity. As to the fraud cause of action, the Supreme Court also determined that the plaintiffs failed to plead fraud with the requisite particularity. The plaintiffs appeal. We modify.

As for the plaintiffs' fraud cause of action, contrary to the Supreme Court's determination, Lyons and Kammas failed to make a prima facie showing of their entitlement to judgment as a matter of law, as a lack of privity of contract between the parties does not bar recovery for claims sounding in fraud (*see e.g. Binyan Shel Chessed, Inc. v Goldberger Ins. Brokerage, Inc.*, 18

AD3d 590 [2005]). Additionally, the Supreme Court should not have considered the contention that the plaintiffs failed to allege fraud with sufficient particularity, as Lyons and Kammas raised that contention for the first time in reply papers (*see Kearns v Thilburg*, 76 AD3d 705, 708 [2010]).

As for the plaintiffs' negligent misrepresentation cause of action, in order to prevail on a cause of action sounding in negligent misrepresentation, a plaintiff is required to demonstrate "(1) the existence of a special or privity-like relationship imposing a duty on the defendant to impart correct information to the plaintiff; (2) that the information was incorrect; and (3) reasonable reliance on the information" (*J.A.O. Acquisition Corp. v Stavitsky*, 8 NY3d 144, 148 [2007]). Here, as the Supreme Court correctly determined, Lyons and Kammas established, prima facie, that they lacked privity of contract with the plaintiffs, and had no special relationship with the plaintiffs which approached privity, and the plaintiffs failed to raise a triable issue of fact in opposition (*see Parrott v Coopers & Lybrand*, 95 NY2d 479, 483-484 [2000]). Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.