■ FRANCESCO DICHIRA, Plaintiff, v MUHAMMAD U. NAWID, Defendant/Third-Party Plaintiff-Appellant. COUNTRYWIDE HOME LOAN, INC., et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. [6 NYS3d 71]—

In an action to recover damages for personal injuries and a related third-party action, the defendant third-party plaintiff appeals from so much of an order of the Supreme Court, Kings County (Ash, J.), dated January 9, 2013, as granted that branch of the motion of the third-party defendant Countrywide Home Loan, Inc., which was for summary judgment dismissing the third-party complaint insofar as asserted against it, and granted that branch of the separate motion of the third-party defendant Tower Insurance Company which was for summary judgment dismissing the third-party complaint insofar as asserted against it and declaring that it is not obligated to defend or indemnify him in the main action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the third-party defendant Tower Insurance Company is not obligated to defend or indemnify the defendant third-party plaintiff in the main action.

The plaintiff commenced this action against the defendant third-party plaintiff Muhammad U. Nawid to recover damages for personal injuries allegedly sustained on April 16, 2008, when the plaintiff tripped and fell on the sidewalk in front of Nawid's property. Nawid commenced this third-party action against, among others, his mortgagee, Countrywide Home Loan, Inc. (hereinafter Countrywide), and Tower Insurance Company (hereinafter Tower). Nawid alleged that he had obtained liability insurance coverage for the property from Tower when he purchased the property in 2006. He alleged that after purchasing the property he made timely payments

into an escrow account with Countrywide that was to be used, among other things, to pay insurance premiums, and that Countrywide had negligently failed to pay the insurance premiums. The Supreme Court granted that branch of Countrywide's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it, and that branch of Tower's separate motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it and declaring that it is not obligated to defend or indemnify Nawid in the main action. Nawid appeals.

Tower established its prima facie entitlement to judgment as a matter of law by demonstrating that it never issued an insurance policy for the subject property, and that its affiliate, Castlepoint Insurance Company, issued an insurance policy to Nawid for the subject property which only became effective on June 13, 2008, two months after the accident. "A party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought" (*York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861, 862 [2010]). In opposition, Nawid failed to raise a triable issue of fact.

Countrywide established its prima facie entitlement to judgment as a matter of law by demonstrating that the insurance premiums that were to be paid from the escrow account related to a policy of hazard insurance, not the policy of liability insurance that Nawid claimed to have procured. Countrywide further demonstrated that the relationship between it and Nawid was based entirely on a contract, that it did not have a contractual duty to maintain liability insurance on the subject property, and that it did not engage in any conduct which gave rise to a legal duty independent of the contract. "In the absence of an agreement to the contrary, the mortgagee is under no obligation to insure the mortgaged premises" (*Beckford v Empire Mut. Ins. Group*, 135 AD2d 228, 232 [1988]). In opposition, Nawid failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted that branch of Countrywide's motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it, and that branch of Tower's separate motion which was for summary judgment dismissing the third-party complaint insofar as asserted against it and declaring that it is not obligated to defend or indemnify Nawid in the main action.

Since the third-party action is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of judgment, inter alia, declaring that

Tower is not obligated to defend or indemnify Nawid in the main action (*see Lanza v Wagner*, 11 NY2d 317 [1962]). Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.