CIAPHAS M. WELLINGTON et al., Appellants, v FINANCIAL FREEDOM ACQUISITION LLC, on Behalf of STRUCTURED ASSET SECURITIES CORPORATION REVERSE MORTGAGE LOAN TRUST 1999-RM1, Respondent. [18 NYS3d 33]—

Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered June 20, 2014, which granted defendant's motion to dismiss the complaint for lack of standing, unanimously reversed, on the law, with costs, and the motion denied.

Plaintiffs allege that they own property that was previously owned by Louise Harper, who died in 2009 at the age of 96. According to plaintiffs, Harper first conveyed the property to them in early 1994; they reconveyed it to her in 1996 to correct an error in the deed; and in 1999, Harper executed a deed transferring the property back to them, subject to a life estate in her favor, in exchange for their promise to care for her during the remainder of her life.

Following Harper's death, plaintiffs learned that defendant claimed to be the assignee of a reverse mortgage executed by Harper in late 1994 (while plaintiffs owned the property) and recorded against the property. Although the mortgage was ineffective when executed, plaintiffs do not dispute that it attached to the property upon the subsequent reconveyance to Harper. They allege, however, that the mortgage is invalid because, inter alia, no funds were ever advanced to Harper and no annuity was ever acquired for her benefit pursuant to the loan documents, so that there was a failure of a condition precedent and lack of consideration.

The motion court erred in finding that plaintiffs lacked standing to bring this action pursuant to RPAPL article 15. RPAPL 1501 (1) provides that any person who "claims an estate or interest in real property" may "maintain an action against any other person . . . to compel the determination of any claim

adverse to that of the plaintiff which the defendant makes, or which it appears from the public records, . . . the defendant might make" (*see generally ABN AMRO Mtge. Group, Inc. v Stephens*, 91 AD3d 801 [2d Dept 2012]). Plaintiffs, as owners of the subject property, clearly have standing to challenge the validity of defendant's mortgage and seek to have it removed as a cloud on their title (*see Tornatore v Bruno*, 12 AD3d 1115, 1117 [4th Dept 2004]; *see also* RPAPL 1311 [1]). Defendant's reliance on the principle of contract law that a person who was not a party to the contract or a third-party beneficiary thereof cannot assert a claim for breach of that contract (*see Griffin v DaVinci Dev., LLC*, 44 AD3d 1001 [2d Dept 2007]) is misplaced since plaintiffs' claim seeking to determine adverse claims to real property is expressly authorized by statute (RPAPL 1501). Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.