■ VIKRAM CONSTRUCTION, INC., Respondent, v EVEREST NATIONAL INSURANCE COMPANY et al., Defendants, and ATLANTIC CASUALTY INSURANCE COMPANY, Appellant. [32 NYS3d 203]—

In an action, inter alia, for a judgment declaring that the defendant Atlantic Casualty Insurance Company is obligated to defend and indemnify Vikram Construction, Inc., in an underlying action entitled *Perdomo v City of New York*, commenced in the Supreme Court, Kings County, under index No. 27005/08, the defendant Atlantic Casualty Insurance Company appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 10, 2014, which denied, as premature, its motion for summary judgment declaring that it is not obligated to defend and indemnify Vikram Construction, Inc., in the underlying action, with leave to renew upon the completion of discovery.

Ordered that the order is reversed, on the law, with costs, the motion of the defendant Atlantic Casualty Insurance Company for summary judgment declaring that it is not obligated to defend and indemnify Vikram Construction, Inc., in the underlying action is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that the defendant Atlantic Casualty Insurance Company is not so obligated.

On November 13, 2007, Jesus Perdomo allegedly was injured during the course of his employment. At the time Perdomo sustained his injuries, he was employed by Teji Construction, Inc. (hereinafter Teji). Teji was a subcontractor of the plaintiff, Vikram Construction, Inc. (hereinafter Vikram). Vikram alleges that during the relevant time period, Teji was required to maintain a commercial general liability insurance policy naming Vikram as an additional insured. Vikram contended that Teji delivered to it a "certificate of liability insurance" stating that Teji had liability insurance with Atlantic Casualty Insurance Company (hereinafter Atlantic) and that Vikram was an additional named insured. Vikram had in its possession a certificate of insurance which was dated December 13, 2007, and stated that the policy number was BINDER121307 with a policy term running from December 13, 2007, until December 13, 2008. The certificate further stated that it was "issued as a matter of information only and confers no rights upon the certificate holder. This certificate does not amend, extend or alter the coverage afforded by the policies below."

Perdomo commenced an action entitled *Perdomo v City of*

*New York* in the Supreme Court, Kings County, under index No. 27005/08, seeking damages for his alleged personal injuries against, among others, Vikram (hereinafter the underlying action). Vikram then commenced this action against Atlantic, among others, seeking a judgment declaring that Atlantic is obligated to defend and indemnify it in the underlying action. Atlantic moved for summary judgment declaring that it is not so obligated. The Supreme Court denied the motion as premature, with leave to renew after the completion of discovery.

Atlantic established its prima facie entitlement to judgment as a matter of law declaring that it is not obligated to defend or indemnify Vikram in the underlying action by submitting evidence demonstrating that it did not issue a policy of insurance to Teji. Atlantic submitted the affidavit of its vice-president of claims, who averred that Atlantic had no records indicating that a policy was ever issued by Atlantic to Teji and that it never issued a policy that began with the letters "BINDER" (*see Binyan Shel Chessed, Inc. v Goldberger Ins. Brokerage, Inc.*, 18 AD3d 590, 592 [2005]).

In opposition to Atlantic's prima facie showing, Vikram failed to raise a triable issue of fact. Even if the certificate of insurance produced by Vikram raised a triable issue of fact as to whether Atlantic issued a policy to Teji, the effective date noted on the face of that certificate was after the date of the incident upon which the underlying action is based. A party is not entitled to coverage if it is not named as an insured or additional insured on the face of the policy as of the date of the accident for which coverage is sought (*see Dichira v Nawid*, 126 AD3d 755, 756 [2015]; *Frank v Continental Cas. Co.*, 123 AD3d 878, 881 [2014]; *York Restoration Corp. v Solty's Constr., Inc.*, 79 AD3d 861, 862 [2010]).

Furthermore, Vikram's contention that the motion was premature is without merit. A party who seeks a finding that a summary judgment motion is premature is required to put forth some evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were exclusively within the knowledge and control of the movant (*see* CPLR 3212 [f]; *Binyan Shel Chessed, Inc. v Goldberger Ins. Brokerage, Inc.*, 18 AD3d at 592). "[M]ere hope or speculation that evidence sufficient to defeat a motion for summary judgment may be uncovered during the discovery process is insufficient to deny the motion" (*Lopez v WS Distrib., Inc.*, 34 AD3d 759, 760 [2006]; *see Williams v Spencer-Hall*, 113 AD3d 759, 760 [2014]). Here, Vikram failed to meet its burden.

Accordingly, Atlantic's motion for summary judgment should have been granted, and we remit the matter to the Supreme Court, Kings County, for the entry of a judgment declaring that Atlantic is not obligated to defend and indemnify Vikram in the underlying action. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.