Mogul v Baptiste (2018 NY Slip Op 03351)





Mogul v Baptiste


2018 NY Slip Op 03351


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-00367
 (Index No. 15610/11)

[*1]Stuart J. Mogul, etc., appellant, 
v
Noreen Baptiste, respondent.


Furman Kornfeld & Brennan, LLP, New York, NY (Tracy S. Katz of counsel), for appellant.



DECISION & ORDER
In an action to collect unpaid medical bills for services rendered to the defendant, the plaintiff appeals from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated November 5, 2015. The order denied, as premature, the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's counterclaim alleging medical malpractice.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's counterclaim alleging medical malpractice is granted.
The plaintiff, a podiatrist, commenced this action to collect unpaid medical bills for services rendered to the defendant, a former patient of the plaintiff. The defendant asserted in her answer that she owed the plaintiff $17,171.50, but set forth a counterclaim alleging medical malpractice and demanding damages exceeding the amount of damages sought by the plaintiff. Over the course of two years, despite repeated requests by the plaintiff and multiple court orders directing the disclosure of certain evidence, the defendant failed to provide pertinent discovery. Thereafter, the plaintiff moved for summary judgment on the issue of liability and dismissing the counterclaim. The defendant did not oppose the motion, and the Supreme Court denied the motion as premature. The plaintiff appeals.
The Supreme Court should not have denied the plaintiff's motion as premature. "Any party may move for summary judgment in any action, after issue has been joined" (CPLR 3212[a]). A grant of summary judgment is not premature merely because discovery has not been completed (see Haidhaqi v Metropolitan Transp. Auth., 153 AD3d 1328, 1329; HSBC Bank USA, N.A. v Armijos, 151 AD3d 943, 944; Lamore v Panapoulos, 121 AD3d 863, 864). In order for a motion for summary judgment to be denied as premature, the opposing party must "provide an evidentiary basis to suggest that discovery might lead to relevant evidence or that the facts essential to justify opposition to the motion were in the exclusive knowledge and control of the moving party" (Suero-Sosa v Cardona, 112 AD3d 706, 708 [citations omitted]; see Vikram Constr., Inc. v Everest Natl. Ins. Co., 139 AD3d 720, 721; 1375 Equities Corp. v Buildgreen Solutions, LLC, 120 AD3d 783, 784). Here, since the defendant did not oppose the plaintiff's motion for summary judgment, she [*2]failed to meet her burden of demonstrating that it should be denied as premature (see generally Haidhaqi v Metropolitan Transp. Auth., 153 AD3d at 1329; HSBC Bank USA, N.A. v Armijos, 151 AD3d at 944; Vikram Consts., Inc. v Everest Natl. Ins. Co., 139 AD3d at 721; 1375 Equities Corp. v Buildgreen Solutions, LLC, 120 AD3d at 784).
Further, on the merits, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's counterclaim. The plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, the defendant's answer, in which she asserted that she owed the plaintiff the sum of $17,171.50 for unpaid medical bills (see Kimso Apts., LLC v Gandhi, 24 NY3d 403, 412; GMS Batching, Inc. v TADCO Constr. Corp., 120 AD3d 549, 551; Zegarowicz v Ripatti, 77 AD3d 650, 653). The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the counterclaim alleging medical malpractice. The plaintiff submitted an affirmation of an expert in podiatry and the defendant's pertinent medical records, establishing, prima facie, that he did not depart from the applicable standard of care and, in any event, that the alleged departures were not a proximate cause of the alleged injuries (see Bowe v Brooklyn United Methodist Church Home, 150 AD3d 1067, 1068; Leto v Feld, 131 AD3d 590, 591; Whitnum v Plastic & Reconstructive Surgery, P.C., 142 AD3d 495, 497; Matos v Khan, 119 AD3d 909, 910). The defendant, having not responded to the motion, failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320).
LEVENTHAL, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court