Generations Bank v Donnelly (2021 NY Slip Op 00719)





Generations Bank v Donnelly


2021 NY Slip Op 00719


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


809 CA 19-01133

[*1]GENERATIONS BANK, FORMERLY KNOWN AS SENECA FALLS SAVINGS BANK, PLAINTIFF-RESPONDENT,
v
GLENN DONNELLY, ET AL., DEFENDANTS, AND CHA CONSULTING, INC., DEFENDANT-APPELLANT. - CHA CONSULTING, INC., ON ITS OWN BEHALF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, THIRD-PARTY PLAINTIFF-APPELLANT, 
 GENERATIONS BANK, FORMERLY KNOWN AS SENECA FALLS SAVINGS BANK, THIRD-PARTY DEFENDANT-RESPONDENT, ET AL., THIRD-PARTY DEFENDANTS. 






SHEATS & BAILEY, PLLC, LIVERPOOL (EDWARD J. SHEATS OF COUNSEL), FOR DEFENDANT-APPELLANT AND THIRD-PARTY PLAINTIFF-APPELLANT. 
TESTA LAW FIRM, P.C., AUBURN (DANIEL A. TESTA, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT AND THIRD-PARTY DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered May 6, 2019. The order, among other things, granted that part of the cross motion of plaintiff-third-party defendant seeking summary judgment against defendant-third-party plaintiff. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff-third-party defendant, Generations Bank, formerly known as Seneca Falls Savings Bank (Bank), commenced a foreclosure action on a duly recorded commercial mortgage it held on real property in Oswego County. The mortgage secured a commercial line of credit note that the Bank extended to defendant-third-party defendant Glenn Donnelly. In the foreclosure action, the Bank alleged, among other things, that its mortgage had priority over a subsequent mechanic's lien filed by defendant-third-party plaintiff CHA Consulting, Inc. (CHA). CHA commenced a third-party action alleging, in relevant part, that the Bank was liable for diversion of trust fund assets. CHA appeals from an order that, inter alia, granted in part the cross motion of the Bank seeking, among other things, an order of reference and summary judgment on its complaint; denied CHA's cross motion seeking, among other things, partial summary judgment finding that its mechanic's lien had priority over the Bank's mortgage; and dismissed the cause of action in the third-party complaint alleging diversion of trust fund assets against the Bank.
CHA contends that Supreme Court erred in concluding that the note and mortgage did not constitute, respectively, a building loan contract and building loan mortgage as defined by Lien Law § 2 and in determining, therefore, that the Bank's lien retained priority over CHA's subsequent mechanic's lien even though the Bank did not file the note. We reject that contention.
In general, "[a] valid prior recorded mortgage has priority over a subsequent mechanic's lien" (W.L. Dev. Corp. v Trifort Realty, 44 NY2d 489, 499 [1978]; see Lien Law § 13 [1]). However, "[s]ection 22 of the Lien Law requires that a building loan contract, with or without the sale of land and before or simultaneously with the recording of a building loan mortgage made pursuant to it, must be filed in the clerk's office of the county where land subject to the contract is located, along with a borrower's affidavit stating the consideration paid or to be paid for the loan, any expenses incurred or to be incurred in connection with the loan, and the net sum available for the construction project" (Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC, 21 NY3d 352, 362 [2013], rearg denied 21 NY3d 1047 [2013]). "Failure to comply with these filing requirements changes the ordinary priority of liens, with a properly filed mechanic's lien taking priority over the interests of the parties to the contract" (id.). "Thus, a construction lender must file the building loan contract in order to achieve lien priority, or, put the opposite way, the statute imposes a so-called 'subordination penalty' on a lender who does not do this" (id. at 362-363).
Here, as the court properly concluded, the Bank established as a matter of law that the note did not constitute a building loan contract because the Bank did not, "in consideration of the express promise of [Donnelly] to make an improvement upon [the Oswego County] real property, agree[] to make advances to or for the account of [Donnelly] to be secured by a mortgage on such real property" (Lien Law § 2 [13]). The Bank thereby also established that the mortgage did not constitute a building loan mortgage because it was not "made pursuant to a building loan contract" (§ 2 [14]). The note provided that the line of credit would be used to fund the completion of construction work on a residential housing development on real property in a different county, to pay Donnelly's preexisting debt with the Bank, and for any other purposes that Donnelly deemed appropriate, but there was no "express promise" by Donnelly to make an improvement on the Oswego County property (§ 2 [13]; see Amsterdam Sav. Bank v Terra Domus Corp., 97 AD2d 41, 44 [3d Dept 1983]; cf. Altshuler, 21 NY3d at 363; see also Juszak v Lily & Don Holding Corp., 224 AD2d 588, 589 [2d Dept 1996]). In opposition, CHA failed to raise a triable issue of fact whether the Bank should be subject to the subordination penalty (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
Finally, we have considered CHA's remaining contention and conclude that it lacks merit.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court