FGP 1, LLC v Dubrovsky (2021 NY Slip Op 04789)





FGP 1, LLC v Dubrovsky


2021 NY Slip Op 04789


Decided on August 26, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 26, 2021

Before: Acosta, P.J., Kapnick, Moulton, Scarpulla, JJ. 


Index No. 650479/16 Appeal No. 14165 Case No. 2020-02657 

[*1]FGP 1, LLC, et al., Plaintiffs-Respondents,
v
Luiza Dubrovsky et al., Defendants, M Investment Capital, LLC, et al., Defendants-Appellants-Respondents, Natalia Pirogova, Defendant-Respondent-Appellant.


Foley Hoag LLP, New York (Harlan A. Levy of counsel), for appellants-respondents.
Law Offices of Victor A. Worms, New York (Victor A. Worms of counsel), for respondent-appellant.
Herrick, Feinstein LLP, New York (Sean E. O'Donnell of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about April 1, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiffs/counterclaim defendants' motion to dismiss the first counterclaim and denied defendant Natalia Pirogova's motion to dismiss the first cause of action and the first two cross claims, unanimously affirmed, without costs.
Defendants/counterclaim plaintiffs M Investment Capital LLC and Mark Shvartsburd (the M Parties) seek, in their first counterclaim, a declaration that two contracts between FGP 1, LLC and Luiza Dubrovsky (the FGP Assignment and the Operating Agreement of 172 Madison NP Holding LLC [172 Holding]) are unenforceable or invalid. The M Parties lack standing to assert this challenge, since they do not claim to be third-party beneficiaries of the above-mentioned contracts, and they did not suffer direct harm flowing therefrom (see Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer, 304 AD2d 86, 90 [1st Dept 2003] ["[i]t is well settled that in order to have standing to challenge a contract, a nonparty to the contract must either suffer direct harm flowing from the contract or be a third-party beneficiary thereof"]). Rather, M Investment and Shvartsburd were harmed because Dubrovsky sold the same interest in 172 Holding twice — once to FGP and later to M Investment.
M Parties unpersuasively distinguish Decolator on the basis that "Decolator did not address the standing of a party in the position of the [M Parties] to bring a declaration that they own a piece of property whose ownership is in dispute, and to quiet title to that property by obtaining a declaration that a competing claimant did not enter into a contract to buy it and does not own it."
M Parties mischaracterize their claim as one for a declaration to quiet title. RPAPL 1501(1) contains broad standing rules authorizing a person who "claims an estate or interest in real property" to "maintain any action against any other person . . . to compel the determination of any claim adverse to that of the plaintiff." The statute is not subject to the same standing principles that are applicable to contract law (see Wellington v Financial Freedom Acquisition LLC, 132 AD3d 506, 507 [1st Dept 2015] ["Defendant's reliance on the principle of contract law that a person who was not a party to the contract or a third-party beneficiary thereof cannot assert a claim for breach of that contract . . . is misplaced since plaintiffs' claim seeking to determine adverse claims to real property is expressly authorized by statute (RPAPL 1501)"]). M Parties have not asserted a claim under RPAPL 1501, presumably because this dispute involves ownership of a Delaware limited liability company. Accordingly, M Parties are subject to the standing principles that are applicable to contract law and lack standing to invalidate the FGP Assignment.
Our affirmance of the dismissal of the M Parties' first counterclaim does not deprive [*2]them of their ability to defend themselves against that portion of plaintiffs' first cause of action that seeks a declaration that the assignment between Dubrovsky and M Investment (the M Assignment) is null and void. M Investment has standing to defend the validity of its own contract.
Supreme Court correctly denied Pirogova's motions seeking to invalidate the FGP Assignment and the M Assignment based on violations of a loan agreement among Deutsche Bank Trust Company Americas, Madison 33 Owner, LLC and various lenders. Because Pirogova claimed that she was the owner of 172 Holding and Dubrovsky was her agent, Supreme Court incorrectly resolved the disputed factual issue of Pirogova's standing to invalidate the assignments. However, the loan agreement contains an explicit no-third-party beneficiary clause. Hence, Pirogova as a nonparty to the loan agreement may not seek to enforce its terms (see Banco EspÍrito Santo, S.A. v
ConcessionÁria Do Rodoanel Oeste S.A., 100 AD3d 100, 109-10 [1st Dept 2012]). In any event, her arguments concerning the loan agreements are meritless.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 26, 2021