■ VAN-TULCO, INC., Appellant, v LONG ISLAND LIGHTING COMPANY, Respondent. [625 NYS2d 629] —In an action, *inter alia,* to recover damages for tortious interference with contractual relations, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (McCarthy, J.), entered October 29, 1993, which, upon an order of the same court, dated October 19, 1993, *inter alia,* granting the motion of the defendant Long Island Lighting Company for summary judgment dismissing the complaint, is in favor of Long Island Lighting Company and against the plaintiff dismissing the complaint. The appeal from the judgment brings up for review an order of the same court (Morrison, J.), dated June 29, 1989, which granted those branches of the motion of Long Island Lighting Company which were to dismiss the first three causes of action in the complaint for failure to state a cause of action.

Ordered that the judgment is affirmed, with costs.

In August 1986 the plaintiff, a construction corporation, entered into a contract with the New York State Department of Transportation (hereinafter the DOT) for the reconstruction of the East Avenue Bridge over Hook Creek in Nassau County. The defendant Long Island Lighting Company (hereinafter LILCO) was under contract with the DOT to relocate certain utility poles and electric wires to permit the plaintiff to have access to its work site. The plaintiff contends that LILCO was required to complete the relocation work in September 1986, prior to any construction, and that LILCO's delays in its performance of its contract with DOT caused the plaintiff to incur delays and extra expenses amounting to $419,308.23.

LILCO's contract with the DOT required LILCO to comply with a "Special Note". That "Special Note" in turn, required the *contractor* to notify LILCO in writing to relocate its poles, and "perform all necessary stakes out of property line or easement line prior to the commencement of relocation work". However, the plaintiff failed to give LILCO written notice, and failed to perform a survey until March 1987. Consequently,

the plaintiff failed to raise an issue of fact as to whether LILCO breached its contract with the DOT. In any case, it cannot be said that the contract between the DOT and LILCO "clearly evidences an intent to permit enforcement" of the contract by the plaintiff, which was merely an incidental beneficiary of the contract *(Fourth Ocean Putnam Corp. v Interstate Wrecking Co.,* 66 NY2d 38, 45).

The plaintiff's remaining contentions are without merit *(see, e.g., EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570; *see generally, Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 421). Ritter, J. P., Altman, Hart and Goldstein, JJ., concur.