■ GALVIN BROTHERS, INC., Plaintiff, v TOWN OF BABYLON, NEW YORK, Appellant, and HANES COMPANIES, INC., Doing Business as HANES GEO COMPONENTS, Respondent. [936 NYS2d 563]—

The Supreme Court properly granted that branch of the motion of the defendant Hanes Companies, Inc., doing business as Hanes Geo Components (hereinafter Hanes), which was pursuant to CPLR 3211 (a) (7) to dismiss the cross claim for contribution asserted against it by the defendant Town of Babylon, New York. The plaintiff in its complaint sought to recover damages from the Town based on breach of contract and in quantum meruit. "[P]urely economic loss resulting from a breach of contract does not constitute 'injury to property' within the meaning of New York's contribution statute [CPLR 1401]" (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d 21, 26 [1987]). Accordingly, under the economic loss doctrine, "contribution under CPLR 1401 is not available where the damages sought . . . are exclusively for breach of contract" (*Tower Bldg. Restoration v 20 E. 9th St. Apt. Corp.*, 295 AD2d 229, 229 [2002]; *see Sommer v Federal Signal Corp.*, 79 NY2d 540, 557 [1992]; *Sound Refrig. & A.C., Inc. v All City Testing & Balancing Corp.*, 84 AD3d 1349, 1350 [2011]; *Structure-Tone, Inc. v Ignelzi Interiors, Inc.*, 40 AD3d 234, 234-235 [2007]; *Ruby Land Dev. v Toussie*, 4 AD3d 518 [2004]). "[T]he existence of some form of tort liability is a prerequisite to application of" CPLR 1401 (*Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley*, 71 NY2d at 28). Since the plaintiff seeks damages for purely economic loss, the Supreme Court properly determined that the Town's cross claim against Hanes for contribution should be dismissed (*see*

*Structure Tone, Inc. v Universal Servs. Group, Ltd.*, 87 AD3d 909, 911 [2011]; *Wecker v Quaderer*, 237 AD2d 512 [1997]).

The Supreme Court also correctly granted that branch of Hanes's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the Town's cross claim against Hanes for contractual indemnification. No contractual relationship existed between the Town and Hanes, and the Town failed to set forth sufficient allegations that it was an intended third-party beneficiary of the contract between the plaintiff and Hanes (*see Griffin v DaVinci Dev., LLC*, 44 AD3d 1001, 1003 [2007]; *Superior Ice Rink, Inc. v Nescon Contr. Corp.*, 40 AD3d 963 [2007]). Rivera, J.P., Balkin, Eng and Austin, JJ., concur.