■ NASSAU COUNTY, Plaintiff, v NEW YORK STATE URBAN DEVELOPMENT CORPORATION, Doing Business as EMPIRE STATE DE-

VELOPMENT CORPORATION, et al., Defendants/Third-Party Plaintiffs, and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK, Defendant/Second Third-Party Plaintiff-Appellant, et al., Defendants. ROY KAY, INC., et al., Third-Party Defendants/ Second Third-Party Defendants-Respondents, et al., Third-Party Defendant, et al., Third-Party Defendant/Second Third-Party Defendant. [970 NYS2d 701]—In an action, inter alia, to recover damages for breach of contract, the defendant/second third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Warshawsky, J.), entered May 31, 2011, as granted those branches of the respective motions of the third-party defendants/second third-party defendants Roy Kay, Inc., and Keyspan Corporation, Anron Heating and Air Conditioning, Inc., and Stonewall Contracting Corp. which were pursuant to CPLR 3211 (a) to dismiss the second third-party complaint insofar as asserted against each of them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly granted those branches of the respective motions of the third-party defendants/second third-party defendants Roy Kay, Inc., and Keyspan Corporation, Anron Heating and Air Conditioning, Inc., and Stonewall Contracting Corp. which were pursuant to CPLR 3211 (a) to dismiss the second third-party complaint insofar as asserted against each of them. The second third-party complaint, insofar as asserted against each of them, failed to state a cause of action sounding in either breach of contract (*see Pile Found. Constr. Co. v Berger, Lehman Assoc.*, 253 AD2d 484, 486 [1998]; *see also Van-Tulco, Inc. v Long Is. Light. Co.*, 214 AD2d 725, 726 [1995]) or contribution or indemnification (*see Galvin Bros., Inc. v Town of Babylon, N.Y.*, 91 AD3d 715 [2012]). The cause of action alleging negligent misrepresentation, insofar as asserted against each of them, was time-barred (*see* CPLR 3211 [a] [5]; *Fandy Corp. v Lung-Fong Chen*, 262 AD2d 352, 352-353 [1999]) and failed to state a cause of action (*see Ideal Steel Supply Corp. v Anza*, 63 AD3d 884, 885 [2009]). Dillon, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.