■ CORY DREYFUS et al., Plaintiffs, v MPCC CORP., Defendant/Third-Party Plaintiff-Appellant. CANATAL INDUSTRIES, INC., Third-Party Defendant-Respondent. [3 NYS3d 365]—

In an action to recover damages for personal injuries, etc., the defendant/third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), entered January 16, 2013, as granted those branches of the third-party defendant's motion which were for summary judgment dismissing the causes of action for common-law and contractual indemnification in the third-party complaint, and denied that branch of its cross motion which was for summary judgment on its third-party cause of action for contractual indemnification.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the motion of the third-party defendant, Canatal Industries, Inc. (hereinafter Canatal), which was for summary judgment dismissing the cause of action in the third-party complaint for common-law indemnification. "[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is 'a separate duty owed the indemnitee by the indemnitor' " (*Raquet v Braun*, 90 NY2d 177, 183 [1997], quoting *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *see Lovino, Inc. v Lavallee Law Offs.*, 96 AD3d 909, 909-910 [2012]). " 'Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine' " (*Henderson v Waldbaums*, 149 AD2d 461, 462 [1989], quoting *Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.*, 109 AD2d 449, 453 [1985]).

Here, Canatal established its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for common-law indemnification by submitting evidence which demonstrated that any liability of the defendant/third-party plaintiff, MPCC Corp. (hereinafter MPCC), to the

plaintiffs would be based on its actual wrongdoing in failing to properly maintain the subject premises, not on any theory of vicarious liability for Canatal's conduct (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 568-569 [1987]; *Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656, 658 [2014]; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146-1147 [2011]; *Guinter v I. Park Lake Success, LLC*, 67 AD3d 406 [2009]). In opposition, MPCC failed to raise a triable issue of fact. Thus, the Supreme Court properly granted that branch of Canatal's motion which was for summary judgment dismissing the third-party cause of action for common-law indemnification.

Similarly, Canatal established its prima facie entitlement to judgment as a matter of law dismissing MPCC's third-party cause of action for contractual indemnification by demonstrating that the agreement between MPCC and Canatal violated General Obligations Law § 5-322.1, which "generally renders void a clause in a construction contract purporting to indemnify a party for its own negligence" (*Tingling v C.I.N.H.R., Inc.*, 120 AD3d 570, 571 [2014]; *see* General Obligations Law § 5-322.1). While a contractual clause that purports to indemnify a party for its own negligence " 'may be enforced where the party to be indemnified is found to be free of any negligence' " (*Tingling v C.I.N.H.R., Inc.*, 120 AD3d at 571, quoting *Gonzalez v Magestic Fine Custom Home*, 115 AD3d 796, 798 [2014]), the evidence submitted on the motion established, prima facie, that any liability on the part of MPCC could only be based on its own negligence, as there was no evidence of negligence on the part of any other party for which MPCC might be held vicariously liable. Since MPCC failed to raise a triable issue of fact in opposition to Canatal's prima facie showing, the Supreme Court properly granted that branch of Canatal's motion which was for summary judgment dismissing the contractual indemnification cause of action in the third-party complaint.

In view of the foregoing, the Supreme Court properly denied MPCC's cross motion for summary judgment on its third-party contractual indemnification cause of action. Mastro, J.P., Roman, Sgroi and Barros, JJ., concur.