(December 9, 2015)

■ AMERICAN INSURANCE COMPANY, as Subrogee of Brooklynbaca, LLC, Doing Business as THE BROOKLYN STAR, Plaintiff, v SCOTT SCHNALL, P.E., et al., Defendants. (And a Third-Party Action.) (Action No. 1.) AMERICAN WESTERN INSURANCE COMPANY, as Subrogee of 33 Havemeyer Street Corp., Plaintiff, v BROOKLYNBACA, LLC, Doing Business as THE BROOKLYN STAR, Respondent, and SCIENTIFIC FIRE PREVENTION COMPANY, a Division of SAMIRO SERVICES, INC., et al., Defendants/Third-Party Plaintiffs-Appellants. FIREMAN'S FUND INSURANCE COMPANY et al., Third-Party Defendants-Respondents, et al., Third-Party Defendant. (Action No. 2.) [22 NYS3d 92]—

In related subrogation actions to recover insurance benefits paid to the plaintiffs' respective insureds, and related third-party actions, Scientific Fire Prevention Company and Allied Fire Control Services, Inc., defendants/third-party plaintiffs in action No. 2, appeal, as limited by their notice of appeal, brief, and letter dated October 5, 2015, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated October 29, 2013, as (a) denied that branch of their motion which was, in effect, for summary judgment declaring that American Insurance Company and the Fireman's Fund Insurance Company, third-party defendants in action No. 2, were required to defend and indemnify Scientific Fire Prevention Company, a third-party plaintiff in action No. 2, in that action, and (b) granted that branch of the cross motion of Brooklynbaca, LLC, doing business as the The Brooklyn Star, a defendant in action No. 2, which was pursuant to CPLR 3211 (a) to dismiss the cross claims of Scientific Fire Prevention Company, defendant/third-party plaintiff in action No. 2, which sought indemnification and alleged breach of a contract to procure insurance.

Ordered that the appeal by Allied Fire Control Services, Inc., a defendant/third-party plaintiff in action No. 2, is dismissed; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of Brooklynbaca, LLC, doing business as The Brooklyn Star, a defendant in action No. 2, pursuant to CPLR 3211 (a) to dismiss the cross claim of Scientific Fire Prevention Company, a defendant/third-party plaintiff in action No. 2, which alleged breach of a contract to procure insurance, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from by Scientific Fire Prevention Company, a defendant/third-party plaintiff in action No. 2, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that American Insurance Company and the Fireman's Fund Insurance Company, third-party defendants in action No. 2, had no obligation to defend and indemnify Scientific Fire Prevention Company, a defendant/third-party plaintiff in action No. 2, in that action; and it is further,

Ordered that one bill of costs is awarded to American Insurance Company and the Fireman's Fund Insurance Company, third-party defendants in action No. 2, payable by Scientific Fire Prevention Company, a defendant/third-party plaintiff in action No. 2.

Scientific Fire Prevention Company (hereinafter Scientific), and Allied Fire Control Services (hereinafter Allied), defendants/third-party plaintiffs in action No. 2, expressly state in their joint brief that no arguments are being raised with respect to those portions of the order by which Allied was aggrieved. Therefore, the appeal by Allied must be dismissed as abandoned (*see Reid v Soults*, 114 AD3d 921, 923 [2014]; *DiPalma v DiPalma*, 112 AD3d 663, 664 [2013]).

Brooklynbaca, LLC, doing business as The Brooklyn Star, a defendant in action No. 2 (hereinafter Brooklynbaca), leased the first floor of a building in Brooklyn, where it operated a restaurant. Brooklynbaca had a commercial general liability and business property loss policy of insurance from American Insurance Company, a third-party defendant in action No. 2 (hereinafter American). The owner of the building in which the restaurant was located was insured by American West Insurance Company, the plaintiff in action No. 2 (hereinafter AWIC). Brooklynbaca contracted with Scientific Fire Prevention Company, a defendant third-party plaintiff in action No. 2 (hereinafter Scientific), to install a cooking exhaust duct in the

restaurant (hereinafter the installation contract). Brooklynbaca and Scientific entered into a separate contract pursuant to which Scientific agreed to service the exhaust duct by periodically removing grease (hereinafter the service agreement). The service agreement, but not the installation contract, contained an insurance procurement provision in favor of Scientific. Sometime after Scientific installed the cooking exhaust duct, there was a fire in the restaurant kitchen.

Thereafter, American paid benefits to Brooklynbaca under the policy. American thereafter commenced action No. 1, a subrogation action, against, among others, Scientific, seeking to recover those benefits. AWIC paid benefits to the building owner, and subsequently commenced action No. 2, a subrogation action, against, among others, Scientific and Brooklynbaca. Scientific asserted cross claims against Brooklynbaca in that action, inter alia, seeking contractual and common-law indemnification and alleging breach of a contract to procure insurance. Scientific also commenced a third-party action against, among others, American and its alleged parent company, Fireman's Fund Insurance Company, a third-party defendant in action No. 2 (hereinafter FFIC), asserting a cause of action for a judgment declaring that Scientific was entitled to a defense and indemnification in that action under the insurance policy issued by American to Brooklynbaca.

Prior to discovery, Scientific moved, in effect, for summary judgment declaring that American and FFIC were required to defend and indemnify it in action No. 2. Brooklynbaca cross-moved pursuant to CPLR 3211 (a) to dismiss Scientific's cross claims in action No. 2, which sought indemnification and alleged breach of a contract to procure insurance. The Supreme Court, inter alia, denied Scientific's motion and granted Brooklynbaca's cross motion.

The Supreme Court properly denied that branch of Scientific's motion which was, in effect, for summary judgment declaring that American and FFIC were required to defend and indemnify it in action No. 2 pursuant to the insurance policy issued by American to Brooklynbaca. Insurance "[c]overage extends only to named entities . . . or individuals defined as insured parties under the relevant terms of the policy" (*Catholic Health Servs. of Long Is., Inc. v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 46 AD3d 590, 592 [2007]; *see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]). Here, Scientific was not expressly named as an additional insured on the subject policy. Further, Scientific did not otherwise qualify as an additional insured under the terms of the policy because

Scientific did not meet the policy's definition of an additional insured. In that respect, the additional insured endorsement of the subject policy expands the definition of "insured" to include any organization that the named insured was "required by a written insured contract to include as an insured." The service agreement required Brooklynbaca to include Scientific as an additional insured on its policy. However, that agreement did not qualify as an "insured contract," as that term was defined in the policy, because there was no provision in the service agreement pursuant to which Brooklynbaca assumed any tort liability on the part of Scientific or any other party. Accordingly, Scientific was not entitled to a defense and indemnification under the policy issued by American to Brooklynbaca. Since Scientific's third-party cause of action asserted against American and FFIC sought a declaratory judgment, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that American and FFIC had no obligation to defend and indemnify Scientific in action No. 2 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]).

The Supreme Court properly granted that branch of Brooklynbaca's cross motion which was to dismiss Scientific's cross claim seeking contractual indemnification since neither the installation contract nor the service agreement contained any clause under which Brooklynbaca expressly or impliedly agreed to indemnify Scientific (*see generally Alayev v Juster Assoc., LLC*, 122 AD3d 886, 887 [2014]; *Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 722 [2011]; *cf. Persaud v Bovis Lend Lease, Inc.*, 93 AD3d 831, 833 [2012]).

That branch of Brooklynbaca's cross motion which was to pursuant to CPLR 3211 (a) to dismiss Scientific's cross claim seeking common-law indemnification was also properly granted, but for a reason different from that relied upon by the Supreme Court. Contrary to the Supreme Court's conclusion, certain investigation reports submitted by the parties concerning the cause of the fire (hereinafter the fire investigation reports) did not establish that a material fact as claimed by Scientific in its cross claim—i.e., that it was not at fault in causing the fire—was "not a fact at all" and that "no significant dispute exist[ed] regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Nevertheless, Scientific's liability, if any, would be based on its actual wrongdoing, not its vicarious liability for Brooklynbaca's allegedly negligent conduct, thus defeating all claims for common-law indemnification (*see Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1019 [2012]; *Richards v Passarelli*, 77 AD3d 905, 908 [2010]; *see also Guzman v Haven*

*Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 567-569 [1987]; *Torres v 63 Perry Realty, LLC*, 123 AD3d 911, 912 [2014]; *Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1146-1147 [2011]; *Nesterczuk v Goldin Mgt., Inc.*, 77 AD3d 800, 805 [2010]; *Corley v Country Squire Apts., Inc.*, 32 AD3d 978 [2006]; *Keshavarz v Murphy*, 242 AD2d 680, 681 [1997]).

However, the Supreme Court erred in granting that branch of Brooklynbaca's cross motion which was pursuant to CPLR 3211 (a) to dismiss Scientific's cross claim alleging breach of a contract to procure insurance. In its motion, Brooklynbaca argued only that the fire investigation reports conclusively established that the fire was caused, not by Scientific's negligent servicing of the cooking exhaust duct under the service agreement, but by its negligent installation of the duct under the installation contract, which did not contain an insurance procurement provision. Contrary to Brooklynbaca's contention, at this stage of the proceedings, it cannot be said that the fire investigation reports conclusively proved, beyond "significant dispute," that only Scientific's work under the installation contract was implicated in the action (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

The parties' remaining contentions are without merit or need not be reached in light of our determination. Rivera, J.P., Balkin, Miller and Hinds-Radix, JJ., concur.