■ Board of Managers of the 125 North 10th Condominium, Plaintiff, v 125North10, LLC, Doing Business as 125 North 10, LLC, et al., Defendants/Third-Party Plaintiffs-Appellants, et al., Defendants. Anthony Cucich Architects, Doing Business as A Cucich Architects, et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. (And Another Third-Party Action.) [55 NYS3d 374]—

Appeal from an order of the Supreme Court, Kings County (Carolyn E. Demarest, J.), dated November 7, 2014. The order, insofar as appealed from, granted that branch of the motion of the third-party defendant Anthony Cucich Architects, doing business as A Cucich Architects, and the defendant Anthony Cucich, also known as Anthony A. Cucich, which was pursuant to CPLR 3211 (a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against Anthony Cucich Architects, doing business as A Cucich Architects, and granted that branch of the separate motion of the third-party defendant Frank Seta & Associates, LLC, and the defendant Saeid S. Seta, also known as Frank Seta, which was pursuant to CPLR 3211 (a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against Frank Seta & Associates, LLC.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff, the Board of Managers of the 125 North 10th Condominium, representing itself and individual unit owners, commenced this action to recover damages arising from the allegedly deficient construction of its condominium building and individual units. The defendants include 125North10, LLC, doing business as 125 North 10, LLC, the sponsor of the condominium development, and several of its members, principals, and affiliates (hereinafter collectively the sponsors).

The sponsors commenced a third-party action against, among others, Anthony Cucich Architects, doing business as A Cucich Architects (hereinafter Cucich), and Frank Seta & Associates, LLC (hereinafter Seta). Cucich performed architectural services in connection with the project and Seta performed consulting services in connection with the project. Cucich and Anthony Cucich, also known as Antony A. Cucich, who is a defendant in the main action, moved, inter alia, pursuant to CPLR 3211 (a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against Cucich. Seta and Saeid S. Seta, also known as Frank Seta, who is also a defendant in the main action, separately moved, among other things pursuant to CPLR 3211 (a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against Seta. The Supreme Court granted those branches of the motions, and the sponsors appeal.

Contrary to the sponsors' contention, the Supreme Court did not err in granting those branches of the separate motions which were pursuant to CPLR 3211 (a) (1) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against Cucich and Seta. "The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party" (*Curreri v Heritage Prop. Inv. Trust, Inc.*, 48 AD3d 505, 507 [2008]; *see Rappel v Wincoma Homeowners Assn.*, 125 AD3d 833, 835 [2015]). "Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (*Balladares v Southgate Owners Corp.*, 40 AD3d 667, 671 [2007]). Moreover, a motion to dismiss pursuant to CPLR 3211 (a) (1) based on documentary evidence may be granted where the documentary evidence utterly refutes the factual allegations made against the movant, thereby establishing a defense as a matter of law (*see Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc.*, 20 NY3d 59, 63 [2012]; *Greenberg v Blake*, 117 AD3d 683, 685 [2014]).

Here, the documentary evidence submitted in support of the motions utterly refuted the allegations of the third-party cause of action for common-law indemnification against Cucich and Seta. That evidence established that the sponsors retained certain responsibilities with regard to the performance of services by Cucich and Seta, and further demonstrated that any liability of the sponsors to the plaintiff would be premised upon the affirmative wrongdoing of the sponsors and would not

be purely vicarious. Accordingly, those branches of the motions which were to dismiss the common-law indemnification cause of action insofar as asserted against Cucich and Seta were properly granted (*see American Ins. Co. v Schnall*, 134 AD3d 746, 749-750 [2015]; *Jones v Rochdale Vil., Inc.*, 96 AD3d 1014, 1018-1019 [2012]; *Richards v Passarelli*, 77 AD3d 905, 908-909 [2010]).

In view of the foregoing, we need not consider the parties' remaining contentions regarding other grounds for dismissal pursuant to CPLR 3211 (a). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.