Lili Wang, Appellant,
Rattan Ram, Respondent, and Xiao Zhong Ren, Defendant.
Lili Wang, appellant pro se.
Bhatia & Associates, PLLC (Satish K. Bhatia of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry Love, J.), entered April 1, 2016. The order granted a motion by defendant Ram Rattan, sued herein as Rattan Ram, to dismiss so much of the complaint as was asserted against him.




ORDERED that the order is reversed, without costs, and the motion by defendant Ram Rattan, sued herein as Rattan Ram, to dismiss so much of the complaint as was asserted against him is denied.
Plaintiff commenced this action to recover the sum of $10,000 as a broker's commission. Following the service of a summons with endorsed complaint, Ram Rattan, sued herein as Rattan Ram (defendant), moved, pursuant to CPLR 3211 (a) (1), (2) and (7), to dismiss so much of the complaint as was asserted against him. In a supporting affidavit, defendant, who identified himself as the president and sole officer and director of R & S Wine & Liquor Corp. (R & S) stated that he had signed a contract of sale dated April 10, 2015 on behalf of R & S, and that defendant Xiao Zhong Ren had signed the contract on behalf of RR Liquor Corp. (RR), pursuant to which, on July 16, 2015, R & S had sold a liquor store business to RR. Defendant further stated that neither he nor R & S had retained a broker or authorized a broker to act on behalf of R & S in the sale. He noted that no broker had appeared at the closing or presented a commission bill for payment. In support of his motion, defendant submitted a copy of the April 10, 2015 contract of sale of the liquor store business, which defendant had signed on behalf of R & S, a corporate resolution dated July 16, 2015 for R & S to sell the liquor store business to RR, and a closing statement for the sale of the liquor store business.
In an affidavit submitted in opposition to the motion, plaintiff asserted that defendant's son, "Sherry," had contacted her about brokering the sale of the liquor store business. Plaintiff indicated that, from January through March 2015, she had advertised the liquor store business as being for sale, had shown it to prospective purchasers including the ultimate purchaser, and had engaged in numerous communications with "Sherry," among others, concerning the proposed sale. Plaintiff submitted, among other things, a copy of a listing agreement for the liquor store [*2]business, purportedly signed by defendant without any statement of his corporate capacity, printouts of screen shots of text messages between plaintiff and Sherry from January 22 though October 12, 2015, all pertaining to the prospective sale of the liquor store business, and a printout of a receipt for a classified advertisement. 
In a reply affidavit, defendant stated that his son is named Shivom, not Sherry, and denied that his son had ever sent any of the text messages plaintiff had attributed to him. He denied the authenticity of his signature on the listing agreement, and submitted documentation which established that he had been outside of the United States during the time when the listing agreement had purportedly been signed. Defendant asserted that he was an officer of R & S, but that he had not, individually, owned or sold the business. Defendant further stated that, even if the listing agreement was authentic, it had expired by the time R & S was sold. He denied that either he or R & S had authorized any person to enter into a listing agreement or to sign any documents in connection with the sale of the liquor store business.
The Civil Court granted defendant's motion to dismiss so much of the complaint as was asserted against defendant, noting that neither the contract of sale nor the closing documents for the sale of the liquor store business had referred to a broker involved in the sale, that the listing agreement had expired at the time of the sale, and that plaintiff had failed to provide any evidence to demonstrate that the parties had interacted during the term of the listing agreement.
On a motion to dismiss, a court must accept as true the submissions made in opposition to the motion, accord the plaintiff the benefit of every possible favorable inference and determine only whether the facts as alleged fit within any cognizable legal theory, although the motion may be granted if documentary evidence utterly refutes the plaintiff's factual allegations and conclusively establishes a defense as a matter of law (Whitebox Concentrated Convertible Arbitrage Partners, L.P. v Superior Well Servs., Inc., 20 NY3d 59, 63 [2012]; Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d 1063, 1064 [2017]). The Civil Court erred in its finding that the contract of sale did not refer to a broker, since, in fact, at paragraph 12, the contract of sale included a specific representation that plaintiff "is the broker that brought about the within transaction." Nor was dismissal warranted based on the terms of the listing agreement for the sale of the liquor store business, since, although the listing agreement ran only until March 24, 2015, it specified that plaintiff would be entitled to a commission in the event that the business was sold to anyone with whom plaintiff had had negotiations during the term of the listing agreement, and the screen shots of text messages which plaintiff submitted in opposition to defendant's motion established that a question of fact existed as to whether plaintiff had negotiated with representatives of RR concerning their purchase of the liquor store business during the term of the listing agreement. There was thus no basis for dismissing the action pursuant to CPLR 3211 (a) (1) based on documentary evidence.
Neither defendant's submission of evidence that he had been outside of the United States when the listing agreement was signed, nor his hearsay denial of his son's activities, were adequate to conclusively establish his defense as a matter of law, since there remain questions of fact as to whether someone, acting with authority, signed defendant's name on his behalf on the listing agreement, or whether defendant subsequently ratified his purported signature on the listing agreement. The existence of these unresolved questions of fact barred the dismissal of the action pursuant to CPLR 3211 (a) (7).
Accordingly, the order is reversed and defendant's motion is denied.
ELLIOT, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 13, 2018