Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC (2019 NY Slip Op 01554)





Board of Mgrs. of Olive Park Condominium v Maspeth Props., LLC


2019 NY Slip Op 01554


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2017-06140
 (Index No. 502349/13)

[*1]Board of Managers of Olive Park Condominium, etc., plaintiff, 
v
Maspeth Properties, LLC, et al., defendants third-party plaintiffs-appellants, Aron Deutsch, defendant- appellant, et al., defendants; Rizwan Abdus Salam, etc., et al., third-party defendants, TSF Engineering, P.C., et al., third-party defendants-respondents.


Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for defendants third-party plaintiffs-appellants and defendant-appellant.
Michael C. Tromello, Melville, NY (Jonathan P. Pirog of counsel), for third-party defendant-respondent TSF Engineering, P.C.
Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for third-party defendant-respondent Security Sheild, Inc.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants third-party plaintiffs and the defendant Aron Deutsch appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 27, 2017. The order, insofar as appealed from, granted those branches of the separate motions of the third-party defendants TSF Engineering, P.C., and Security Shield, Inc., which were pursuant to CPLR 3211(a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against each of them.
ORDERED that the appeal by the defendant Aron Deutsch is dismissed, as he is not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendants third-party plaintiffs; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendants- respondents.
The plaintiff, the Board of Managers of Olive Park Condominium, on behalf of itself and individual unit owners, commenced this action to recover damages arising from the allegedly deficient construction of its condominium building and individual units. The defendants include, among others, Maspeth Properties, LLC, the sponsor of the condominium development (hereinafter Maspeth), and Superior Construction Management, Inc., the general contractor (hereinafter [*2]Superior). The complaint alleged, inter alia, that Maspeth and Superior breached their contractual obligations to the plaintiff under the Offering Plan and Purchase Agreements for the individual units, inter alia, by failing to correct defects which were their fault and/or the fault of their subcontractors.
Maspeth and Superior commenced a third-party action for contractual and common-law indemnification against, among others, TSF Engineering, P.C. (hereinafter TSF), and Security Shield, Inc. (hereinafter Security). TSF was hired by Superior to, among other things, redesign the mechanical, plumbing, and electrical systems at the condominium building. Security was hired by Superior to install a Unitone Intercom System, a telephone network, CATV, and camera and card access systems at the condominium building. In a prior order dated October 27, 2014, the Supreme Court, in relevant part, dismissed the negligence causes of action against Maspeth and Superior on the ground that the plaintiff did not allege a duty owed to it which was independent of those contractual obligations.
TSF and Security separately moved pursuant to CPLR 3211(a) to dismiss the amended third-party complaint and all cross claims insofar as asserted against each of them. In an order dated March 27, 2017, the Supreme Court granted the motions. Maspeth and Superior appeal from so much of the order as granted those branches of the separate motions which were to dismiss the third-party cause of action for common-law indemnification insofar as asserted against TSF and Security.
We agree with the Supreme Court's determination to grant those branches of the separate motions which were pursuant to CPLR 3211(a) to dismiss the third-party cause of action for common-law indemnification insofar as asserted against TSF and Security. " The principle of common-law, or implied, indemnification permits one who has been compelled to pay for the wrong of another to recover from the wrongdoer the damages it paid to the injured party'" (Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d 1063, 1064, quoting Curreri v Heritage Prop. Inv. Trust, Inc., 48 AD3d 505, 507). "The party seeking indemnification must have delegated exclusive responsibility for the duties giving rise to the loss to the party from whom indemnification is sought,' and must not have committed actual wrongdoing itself" (Tiffany at Westbury Condominium v Marelli Dev. Corp., 40 AD3d 1073, 1077, quoting 17 Vista Fee Assoc. v Teachers Ins. & Annuity Assn. of Am., 259 AD2d 75, 80). "Common-law indemnification is warranted where a defendant's role in causing the plaintiff's injury is solely passive, and thus its liability is purely vicarious" (Balladares v Southgate Owners Corp., 40 AD3d 667, 671; see Dreyfus v MPCC Corp., 124 AD3d 830, 830). "Since the predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee, it follows that a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (Desena v North Shore Hebrew Academy, 119 AD3d 631, 635 [internal quotation marks omitted]).
The allegations in the complaint are that Maspeth and Superior retained certain contractual responsibilities regarding the project and that any recovery against them would be based on their own failure to uphold those responsibilities. This is not a case where a defendant's liability sounded in tort, and the tortious conduct may have been solely the result of a third-party defendant's negligence (see Roach v AVR Realty Co., LLC, 41 AD3d 821; Baratta v Home Depot USA, 303 AD2d 434).
Accordingly, we agree with the Supreme Court's determination granting those branches of the motions which were to dismiss the common-law indemnification cause of action insofar as asserted against TSF and Security (see Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d at 1064-1065; American Ins. Co. v Schnall, 134 AD3d 746, 749-750; see also Dreyfus v MPCC Corp., 124 AD3d at 831; Torres v 63 Perry Realty, LLC, 123 AD3d 911, 912; Nesterczuk v Goldin Mgt., Inc., 77 AD3d 800, 805).
AUSTIN, J.P., HINDS-RADIX, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court