O'Toole v Marist Coll. (2022 NY Slip Op 03560)





O'Toole v Marist Coll.


2022 NY Slip Op 03560


Decided on June 2, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 2, 2022

533536
[*1]Marianne T. O'Toole, as Trustee for Mohamed Charafeddine, et al., Plaintiffs,
v
Marist College, Defendant and Third-Party Plaintiff-Respondent; Sodexo, Inc., Third-Party Defendant-Appellant.

Calendar Date:April 27, 2022

Before:Clark, J.P., Pritzker, Colangelo, Ceresia and McShan, JJ.

Cullen and Dykman LLP, Garden City (Christopher E. Buckey of counsel), for third-party defendant-appellant.
Biedermann Hoenig & Semprevivo, New York City (Meishin Riccardulli of counsel), for defendant and third-party plaintiff-respondent.



Colangelo, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered June 14, 2021 in Ulster County, which, among other things, partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint.
On September 23, 2017, Mohamed Charafeddine, while working on defendant's campus as the general manager of food services for third-party defendant, Sodexo, Inc., fell down a concrete staircase that led from the kitchen area of the dining hall to the loading dock. In November 2018, plaintiffs — who are Charafeddine's trustee and his wife — commenced this action against defendant asserting, among other things, a cause of action for negligence. Defendant filed a third-party action against Sodexo asserting causes of action for contractual indemnity, common-law indemnity, contribution and breach of contract based upon Sodexo's alleged failure to fulfill its obligations under a management agreement executed by defendant and Sodexo in 2013 and amended in 2014 (hereinafter the agreement). In its third-party complaint, defendant alleged that Sodexo failed, among other things, to maintain and keep the subject stairway clean and free of debris and grease, and failed to procure insurance to enable it to defend, indemnify and hold defendant harmless from and against all claims, liability, loss and expense, counsel fees and court costs which may arise out of Sodexo's sole negligence in the performance of its obligations under the agreement. Following completion of discovery, Sodexo moved for summary judgment seeking dismissal of the third-party complaint. Defendant opposed Sodexo's motion, although defendant did not address the breach of contract claim, and Sodexo submitted a reply. Supreme Court partially granted the motion and dismissed the breach of contract cause of action — because it was unopposed, and based on a finding that Sodexo demonstrated that it did procure insurance but the insurance carrier disclaimed coverage. Supreme Court denied Sodexo's motion with respect to defendant's claims for contractual indemnity, common-law indemnity and contribution, finding that questions of fact existed as to whether the accident was caused by Sodexo's sole negligence. Sodexo appeals. We reverse.
As longstanding case law reflects, "[s]ummary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact and then only if, upon the moving party's meeting of this burden, the non-moving party fails to establish the existence of material issues of fact which require a trial of the action" (WFE Ventures, Inc. v GBD Lake Placid, LLC, 197 AD3d 824, 827 [2021] [internal quotation marks, brackets, emphasis and citations omitted]; see CPLR 3212 [b]). In opposing a motion for summary judgment, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (Zuckerman v City of New York, 49 NY2d 557, 562[*2][1980]; accord Delosh v Amyot, 186 AD3d 1793, 1794 [2020]). "It is well established that when interpreting . . . any written contract, the court must afford the unambiguous provisions of the [contract] their plain and ordinary meaning" (Hilgreen v Pollard Excavating, Inc., 193 AD3d 1134, 1137 [2021] [internal quotation marks and citations omitted], appeal dismissed 37 NY3d 1002 [2021]).
The accident occurred as Charafeddine and executive chef Anthony Legname were going down a concrete staircase leading to the loading dock to check on the loading of food and products that were going to be delivered to the football stadium during parents' weekend. The door from the kitchen opens onto a landing where the stairs can be accessed. When describing the fall, Charafeddine stated that he put his right hand on the railing and his foot slipped because the stairs are curved and worn out. Charafeddine further stated that he was wearing the required safety shoes when he fell and that the stairs had been in the same worn condition since he began working there 10 years earlier. He had not complained about the worn condition of the stairs. Donna Provost, another Sodexo employee, responded immediately to the site of the accident and observed Charafeddine at the bottom of the stairs. She also observed that the paint on the top step was worn and the edge of the step was chipped. Charafeddine had previously requested that nonskid paint be applied to the stairs to comply with safety regulations, and defendant painted the stairs prior to the accident.
According to the testimony of Justin Butwell, defendant's director of the physical plant who oversees, among other things, renovations on campus, the stairs were original to the building and were not included in the renovation to the dining facilities in 2012. Butwell testified that the stairs were not used by defendant's employees on a daily basis but were used daily by Sodexo employees to access the loading dock, Sodexo employee locker rooms and bathrooms. Maintenance workers employed by defendant used the stairs to access the facility's boiler, LAN rooms and plumbing sources and to come from the loading dock area to the kitchen for their meals. An incident report prepared by defendant's Office of Safety & Security stated that, upon inspection, the staircase "was found to be clear of obstructions, objects, and substances. The treads exhibited no slipperiness and felt . . . somewhat tacky underfoot." According to a post incident/accident root cause analysis form, the cause of the accident was "[u]nknown." Further, the "[s]urface checked by [defendant's] Safety [department] indicated no debris of any sort on the floor, staircase or [Charafeddine]'s shoes." Legname indicated in his testimony that the stairs and tread landing were uneven, there was wear and tear on the stairs, and there were some steps where the paint had worn off.
Sodexo, in support of its motion, also submitted a preliminary site inspection [*3]report dated May 12, 2020 that was prepared by Randall Hajeck, CEO, and Alden P. Gaudreau, EdD, PE, of International Technomics Corporation following a site inspection performed at plaintiff's request on November 21, 2019 and following a review of video surveillance recordings of the accident. The report indicated that "the primary cause of [Charafeddine's] fall was the poor condition of the stairway upper landing and nosing. . . . The landing paint was worn in spots, and the worn, exposed concrete surface would in all likelihood have been slippery." A photograph indicated that "the concrete nosing of the landing was worn in the center, exposing steel form/reinforcing members. The form or reinforcing members likely caught [Charafeddine's] foot, starting his fall." Hajeck and Gaudreau opined, to a reasonable degree of engineering certainty, that "the stairway
. . . was improperly maintained such that it was worn with exposed steel and dangerous nosings" and that "[h]andrails were not properly placed," as they were not at the proper height and did not run continuously from the top landing to the bottom of the stairs. "These unsafe conditions were not repaired during [the renovation], . . . [and] these conditions caused or contributed to [Charafeddine's] accident and injuries."
Defendant's claim for contractual indemnification emanates from the agreement. Sodexo was to provide food services for defendant's college students, staff and invited guests. Section 5.2 of the agreement provides, in relevant part, that "[t]he premises and equipment provided by [defendant] for use in the [f]ood [s]ervice operation shall be in good condition and maintained by [defendant] to ensure compliance with applicable [safety] laws . . . (including, without limitation, OSHA regulations). [Defendant] agrees to indemnify Sodexo against any liability or assessment, including related interest and penalties, arising from [defendant]'s breach of the aforementioned obligations, and [defendant] shall pay reasonable collection expenses, attorneys' fees and court costs incurred in connection with the enforcement of such indemnity. [Defendant] further agrees that any modifications or alterations to the workplace or the [p]remises (whether structural or non-structural) necessary to comply with any statute or governmental regulation shall be the responsibility of [defendant] and shall be at [defendant]'s expense." A 2014 amendment to the agreement provides, in relevant part, that "[defendant], at [defendant's] expense, shall provide basic housekeeping services during the course of the operating day, including, but not limited to, vacuuming, spot mopping, dusting, spot cleaning for areas outside of the main resident dining hall and outside of the Cabaret retail facility, and cleaning of public bathrooms. Sodexo is responsible for floor cleaning in the resident dining hall and Cabaret, and for identifying and informing [defendant] of problems related to carpet care within [*4]their area of responsibility, which requires additional service." Section 10.5 of the agreement provides that "Sodexo and [defendant] shall defend, indemnify and hold each other harmless from and against all claims, liability, loss and expense, including reasonable collection expenses, attorneys' fees and court courts which may arise because of the sole negligence, misconduct, or other fault of the indemnifying party, its agents or employees in the performance of its obligations under this [a]greement." Section 10.5 unambiguously establishes that, with respect to Charafeddine's accident, Sodexo's obligation to indemnify defendant is triggered only if the accident was caused by Sodexo's sole negligence.
As Supreme Court correctly found, Sodexo, by its submission of plaintiffs' expert report and the deposition testimony of Charafeddine, Butwell, Provost and Legname, presented proof in admissible form to demonstrate that it was not solely negligent, and the absence of any triable issue of fact in that regard, such that Sodexo's obligation to indemnify defendant was not triggered. We go one step further and find that the agreement expressly and unambiguously imposed upon defendant the responsibility for any structural modifications or alterations to the workplace necessary to comply with any statute or governmental regulation, which, with respect to the stairs, defendant abandoned. The cause of action asserted by plaintiffs against defendant is negligence, stemming from defendant's failure to properly maintain the stairs by allowing the concrete nosing to wear away over time, thus exposing the steel reinforcing members and creating a tripping hazard. Defendant constructed the staircase in the 1960s and, during the 2012 renovation, chose not to ameliorate the unsafe features that ultimately caused the accident.
While defendant argued, in opposition to Sodexo's motion, that Sodexo's responsibility to "provide basic housekeeping to all areas of operation during the course of the operating day" included the subject stairs, it is clear from the incident report and post incident/accident root cause analysis form that the staircase was clear of obstructions, objects, substances and debris of any sort. Accordingly, defendant failed to raise a triable issue of fact regarding whether Charafeddine's accident was caused by Sodexo's sole negligence, so Sodexo was entitled to summary judgment dismissing defendant's cause of action for contractual indemnity.
We reach the same conclusion with respect to defendant's cause of action for common-law indemnification. "The key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (Dreyfus v MPCC Corp., 124 AD3d 830, 830 [2015] [internal quotation marks, brackets and citations omitted]). Defendant's common-law indemnity claim must fail, as "the predicate of common-law indemnity [*5]is vicarious liability without actual fault on the part of the proposed indemnitee" and "a party who has itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine" (id. [internal quotation marks and citations omitted]). As the Court of Appeals has held, "[c]ommon-law indemnification is generally available 'in favor of one who is held responsible solely by operation of law because of his [or her] relation to the actual wrongdoer'" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 375 [2011], quoting Mas v Two Bridges Assoc., 75 NY2d 680, 690 [1990]). Here, plaintiff's claim against defendant is based upon defendant's own direct negligence. Defendant has not alleged any scenario under which it could be held vicariously or statutorily liable for any negligence of Sodexo. Accordingly, Sodexo was entitled to summary judgment dismissing defendant's cause of action for common-law indemnification (see Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 17 [2019]).
"To sustain a third-party cause of action for contribution, a third-party plaintiff is required to show that the third-party defendant owed it a duty of reasonable care independent of its contractual obligations, if any, or that a duty was owed to the plaintiff[] as [the] injured part[y] and that a breach of that duty contributed to the alleged injuries" (id. [internal quotation marks, brackets and citations omitted]). The evidence in the record established that Sodexo, an independent contractor under the agreement, did not breach any duty to defendant and did not breach any duty to Charafeddine that contributed to his injuries. Inasmuch as defendant failed to raise an issue of fact as to Sodexo's negligence, defendant is not entitled to contribution from Sodexo, and Sodexo's motion for summary judgment dismissing defendant's contribution cause of action should have been granted.
Clark, J.P., Pritzker, Ceresia and McShan, JJ., concur.
ORDERED that the order is modified, on the law, with costs to third-party defendant, by reversing so much thereof as partially denied third-party defendant's motion for summary judgment dismissing the third-party complaint; motion granted in its entirety; and, as so modified, affirmed.