Town of Oyster Bay v Peter Scalamandre & Sons, Inc. (2025 NY Slip Op 04679)

Town of Oyster Bay v Peter Scalamandre & Sons, Inc.

2025 NY Slip Op 04679

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2021-04326
 (Index No. 605642/17)

[*1]Town of Oyster Bay, plaintiff, 
v
Peter Scalamandre & Sons, Inc., defendant third-party plaintiff/ fourth third-party plaintiff-appellant, Sidney B. Bowne & Sons, LLP, defendant third third-party plaintiff-appellant; Blandex Industrial Corp., third-party defendant/second third-party plaintiff; Harry S. Peterson Company, second third-party defendant; UrbanTech Consulting Engineering, P.C., et al., third third-party defendants/ fourth-party defendants-respondents.

Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Sigmund S. Semon, Susan R. Nudelman, Manny A. Frade, and Steven Frankel of counsel), for defendant third-party plaintiff/fourth third-party plaintiff-appellant.
Donovan Hatem LLP, New York, NY (Scott K. Winikow and Joshua S. Stern of counsel), for defendant third third-party plaintiff-appellant.
Byrne & O'Neill, LLP, New York, NY (Michael J. Byrne and Thomas E. Chase of counsel), for third third-party defendant/fourth third-party defendant-respondent UrbanTech Consulting Engineering, P.C.
Leary, Bride, Mergner & Bongiovanni, P.A., New York, NY (Christine E. Sirico of counsel), for third third-party defendant/fourth third-party defendant-respondent Midsize Filigree Systems, Inc.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant third-party plaintiff/fourth third-party plaintiff appeals, and the defendant third third-party plaintiff separately appeals, from an order of the Supreme Court, Nassau County (Vito M. DeStefano, J.), entered May 14, 2021. The order, insofar as appealed from by the defendant third-party plaintiff/fourth third-party plaintiff, granted that branch of the motion of the third third-party defendant/fourth third-party defendant UrbanTech Consulting Engineering, P.C., which was pursuant to CPLR 3211(a) to dismiss the first cause of action in the fourth third-party complaint insofar as asserted against it and that branch of the motion of the third third-party defendant/fourth third-party defendant Midstate Filigree Systems, Inc., which was pursuant to CPLR 3211(a) to dismiss the second cause of action in the fourth third-party complaint insofar as asserted against it. The order, insofar as appealed from by the defendant third third-party plaintiff, granted those branches of the motion of the third third-party defendant/fourth third-party defendant UrbanTech Consulting Engineering, P.C., which were pursuant to CPLR 3211(a) to dismiss the first, second, and third [*2]causes of action in the third third-party complaint insofar as asserted against it and those branches of the motion of the third third-party defendant/fourth third-party defendant Midstate Filigree Systems, Inc., which were pursuant to CPLR 3211(a) to dismiss the sixth, seventh, and eighth causes of action in the third third-party complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs.
The defendant third third-party plaintiff, Sidney B. Bowne & Sons, LLP (hereinafter Bowne), entered into a contract with the plaintiff, Town of Oyster Bay, to serve as the consulting engineer and architect on a construction project to build a parking garage in Hicksville (hereinafter the project). Pursuant to the contract (hereinafter the master services agreement), Bowne was responsible for the "sufficiency and adequacy of the design, plans and specifications" of the project.
The defendant third-party plaintiff/fourth third-party plaintiff, Peter Scalamandre & Sons, Inc. (hereinafter Scalamandre), was the general contractor for the project. Pursuant to a contract between the Town and Scalamandre (hereinafter the prime contract), Scalamandre was responsible, inter alia, for "the entire work embraced in [the] contract until its completion," including the work of any subcontractors and material suppliers. Further, Scalamandre was required to indemnify the Town for any "misconduct, failure to act or negligence of himself or his subcontractor, employees or agents in or about the work, or in the execution of the work."
The third third-party defendant/fourth third-party defendant UrbanTech Consulting Engineering, P.C. (hereinafter UrbanTech), was a subcontractor pursuant to a subcontract it entered into with Scalamandre (hereinafter the UrbanTech contract). Thereafter, pursuant to a purchase order, the third third-party defendant/fourth third-party defendant Midstate Filigree Systems, Inc. (hereinafter Midstate), was to furnish Scalamandre with certain materials for the project.
After the project was completed, the Town allegedly received numerous complaints about the quality and design of construction of the project and observed multiple deficiencies, including water leaks. The Town commenced this action against Scalamandre and Bowne, inter alia, to recover damages for breach of contract. Bowne commenced a third third-party action against UrbanTech and Midstate, asserting causes of action for, among other things, contribution and contractual and common-law indemnification. Scalamandre commenced a fourth third-party action against UrbanTech and Midstate, solely asserting causes of action for common-law indemnification.
UrbanTech subsequently moved, inter alia, pursuant to CPLR 3211(a) to dismiss the first, second, and third causes of action in the third third-party complaint and the first cause of action in the fourth third-party complaint insofar as asserted against it. Midstate separately moved, among other things, pursuant to CPLR 3211(a) to dismiss the sixth, seventh, and eighth causes of action in the third third-party complaint and the second cause of action in the fourth third-party complaint insofar as asserted against it. The Supreme Court, inter alia, granted those branches of the separate motions. Scalamandre and Bowne separately appeal.
"[C]ommon-law indemnification . . . involves an attempt to shift the entire loss from one who is compelled to pay for a loss, without regard to his [or her] own fault, to another person who should more properly bear responsibility for that loss" (25-86 41st St., LLC v Chong, 235 AD3d 813, 815 [internal quotation marks omitted]; see Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d 1063, 1064). "The key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (Santoro v Poughkeepsie Crossings, LLC, 180 AD3d 12, 16 [alteration and internal quotation marks omitted]). "The predicate of common-law indemnity is vicarious liability without actual fault on the part of the proposed indemnitee" (25-86 41st St., LLC v Chong, 235 AD3d at 815 [internal quotation marks omitted]; see De Heras v Avant Gardner, LLC, 224 AD3d 883, 884).
Here, the Supreme Court properly granted those branches of UrbanTech's motion which were pursuant to CPLR 3211(a) to dismiss the third cause of action in the third third-party complaint and the first cause of action in the fourth third-party complaint, both for common-law [*3]indemnification, insofar as asserted against it and those branches of Midsize's separate motion which were pursuant to CPLR 3211(a) to dismiss the eighth cause of action in the third third-party complaint and the second cause of action in the fourth third-party complaint, both for common-law indemnification, insofar as asserted against it (see generally Agai v Liberty Mut. Agency Corp., 118 AD3d 830, 832). As alleged, Bowne and Scalamandre breached their contractual obligations to supervise and provide oversight of the project pursuant to the master services agreement and the prime contract, respectively. Further, those contracts demonstrated that Bowne and Scalamandre retained certain responsibilities with regard to the oversight and final results of the project. Thus, any recovery against Bowne and Scalamandre would be based, at least in part, on their failure to uphold those responsibilities and not on any form of vicarious liability (see Vasquez v Kennedy, 221 AD3d 936, 938; American Ins. Co. v Schnall, 134 AD3d 746, 749; see also Board of Mgrs. of the 125 N. 10th Condominium v 125North10, LLC, 150 AD3d at 1065).
The Supreme Court also properly granted that branch of UrbanTech's motion which was pursuant to CPLR 3211(a) to dismiss the first cause of action, for contractual indemnification, in the third third-party complaint insofar as asserted against it and that branch of Midsize's separate motion which was pursuant to CPLR 3211(a) to dismiss the sixth cause of action, for contractual indemnification, in the third third-party complaint insofar as asserted against it. The documentary evidence submitted in support of the separate motions conclusively established that no contractual relationship existed between Bowne and UrbanTech or between Bowne and Midstate and that Bowne was not an intended third-party beneficiary of the UrbanTech contract or of the purchase order (see Cassese v SVJ Joralemon, LLC, 168 AD3d 667, 669; Razdolskaya v Lyubarsky, 160 AD3d 994, 998; Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d 715, 715). Contrary to Bowne's contention, the provisions in the prime contract relating to contractual indemnification were not incorporated by reference into the UrbanTech contract or into the purchase order (see Persaud v Bovis Lend Lease, Inc., 93 AD3d 831, 833).
"[U]nder the economic loss doctrine, contribution under CPLR 1401 is not available where the damages sought . . . are exclusively for breach of contract" (Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d at 715 [internal quotation marks omitted]; see Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d 21, 26; Cobblestone Foods, LLC v Branded Concept Dev., Inc., 200 AD3d 845, 846). "[T]he existence of some form of tort liability is a prerequisite to application of" CPLR 1401 (Board of Educ. of Hudson City School Dist. v Sargent, Webster, Crenshaw & Folley, 71 NY2d at 28; see Galvin Bros., Inc. v Town of Babylon, N.Y., 91 AD3d at 715). Here, where the Town seeks damages for purely economic loss pursuant to an alleged breach of contract, the Supreme Court properly granted that branch of UrbanTech's motion which was pursuant to CPLR 3211(a) to dismiss the second cause of action, for contribution, in the third third-party complaint insofar as asserted against it and that branch of Midsize's separate motion which was pursuant to CPLR 3211(a) to dismiss the seventh cause of action, for contribution, in the third third-party complaint insofar as asserted against it (see Cobblestone Foods, LLC v Branded Concept Dev., Inc., 200 AD3d at 846-847).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court